Wyatt, &c., *vs.* Mansfield's Heirs.                  Case 43.

APPEAL FROM CALDWELL CIRCUIT.                  PET. EQ.

1. When a petition is filed for the sale of infants' real estate, it is necessary that they should have a statutory guardian, who shall

WYATT, &c.
vs.
· MANSFIELD'S
HEIRS.

answer, and also executé such a covenant as the statute requires, otherwise a sale will be void.

2. It is not sufficient that the covenant be executed after the sale takes place.

3. A sale of infants' real estate is void unless the requisites of the statutes, in regard to the appointment of commissioners to value the real and personal estate belonging to the infants, and the annual profits thereof, are complied with; without such report the circuit court has no jurisdiction to order a sale of real estate.

[The facts of the case are set out in the opinion of the court.—REP.]

*John Rodman,* for appellant—

1. Several of the appellants and appellees also are infants, and the petition is brought for the sale of certain land and slaves of which the ancestor, James Mansfield, died possessed, without having made any will. No attorney was appointed for the non-resident infants or warning order taken. A part of the non-residents appeared and answered; a part did not. A commissioner was appointed who made a report, which does not conform to the statute, and the court decreed a sale of the land and slaves before one of the guardians of the infants had executed the bond required by the statute.

2. James, Robert, and Ross Baker are infants, and entitled to a share of the estate sold. Peter P. Baker is their guardian. He had given no bond when the property was sold, but executed a bond some two years afterwards.

The court had no power to decree a sale of the estate until the requisite bond was given. (*Rev. Stat.* 592; *Carpenter vs. Strother,* 16 *B. Monroe,* 290.)

3. The report of the commissioner is defective in not reporting that he had valued all the estate, real and personal, belonging to the infants, and in failing to report the yearly value thereof.

4. James and Jane Mansfield are described in the petition as infants, and no statutory guardian has answered for them, nor was any guardian *ad litem* appointed for them; they are only constructively

served with process, being, as is alleged, non-residents.

A reversal is asked.

Judge Simpson delivered the opinion of the court.

As the defendants, James Mansfield and Jane Mansfield, were proceeded against as non-resident infants, it was irregular to render any judgment in the cause until a guardian *ad litem* had been appointed to defend for them. And as the suit was brought to sell real estate in which they had an interest, it was necessary, in order that the sale might be valid as to them, that they should have had a statutory guardian, and that he should have appeared and answered, and also have executed such a covenant as the statute requires. The sale as to them is absolutely void, and their interest in the real estate did not pass to the purchaser.

Nor did the interest of the children of Nancy E. Baker, deceased, pass by the sale to the purchaser. No covenant was executed by their guardian until after the sale was made. Now, the statute expressly prohibits the sale of infants real estate unless such a covenant be executed, and declares that the sale shall be void. As therefore the sale was void when it was made, so far as their interest in the real estate was concerned, it would not be made valid by the covenant which was subsequently executed by their guardian.

But there is a still more radical defect in the proceedings, inasmuch as it renders the sale of the land wholly void as to all the infants, and prevents the sale and conveyance thereof from conferring any title whatever on the purchaser, to the extent of their interests.

By the *Revised Statutes*, (*page* 592,) it is expressly provided, that before a court shall have *jurisdiction* to decree a sale of infants' lands, three commissioners must be appointed to report, and must report, on oath, to the court, the net value of the infants real

WYATT, &c.
*vs.*
MANSFIELD'S
HEIRS.

Jan. 30, 1858.

1. When a petition is filed for the sale of infants' real estate, it is necessary that they should have a statutory guardian, who shall answer and also execute such a covenant as the statute requires, otherwise a sale will be void.

2. It is not sufficient that the covenant be executed after the sale takes place.

3. A sale of infants' real estate is void unless the requisites of the statute, in regard to the appointment of commissioners to value the real and personal estate belonging to the infants, and the annual profits thereof, are complied with; without such report the circuit

BEN. MONROE'S REPORTS.

court has no ju-
risdiction to or-
der a sale of
real estate.

and personal estate, and the annual profits thereof. The commissioners were appointed in this case and made a report, but it is evident, from their report, that they only valued the estate which belonged to the infants, as heirs of James W. Mansfield, de-ceased. The statute requires them to value the whole estate that belongs to the infants; whether that has been done or not the report does not state, nor can we determine. They may have some estate derived from other sources, and the commissioners should have stated in their report that they had valued all the estate which belonged to them. Without such a report the court had no jurisdiction to order the sale, and the sale as to the interests of the infant heirs was absolutely void.

Wherefore, the judgment is *reversed*, and cause remanded with directions to set aside the sale of the land, and for further proceedings consistent with this opinion.