JOSEPHINE E. S. McKEE, et al., v. ALICE A. THOMAS.

1. GUARDIAN; *Appointment; Sales of Ward's Property.* A sale of real estate made by a person as guardian of the estate of a minor, when the records of the proper court fail to show that such person was appointed such guardian, is not valid and binding in law.

2. ESTOPPEL. Where real property of a minor had been sold by a person acting as her guardian, but who in fact had no legal right to make such sale, and after attaining her majority such minor's attention was called to the fact that the purchaser proposed building a costly house on such property, but there is no evidence showing that she knew at the time that the lot was hers, nor that she knew its sale by her pretended guardian was illegal, such minor is not thereby estopped from maintaining eject-ment for the recovery of the possession of such property.

*Error from Leavenworth District Court.*

EJECTMENT brought by *Thomas* to recover the possession of lot 24, in block 45, in the city of Leavenworth. The main facts are identical with those of the case of *Higgin-botham v. Thomas,* ante, p. 328. In addition to the facts shown in that case, it was shown here that after *Mrs. Thomas* had attained her majority, and had been trying to ascertain what lots Williams had sold as her guardian, and whether sales made by him were legal, *McKee* was building a large house on the lot in controversy, and plaintiff frequently passed along the street where such house was being erected, and must have known that it was being built—upon which facts *McKee* claimed plaintiff was estopped from denying the validity of the sale of said lot. The action was tried in March, 1870. Verdict and judgment for the plaintiff—and the defendants bring the case here on error.

*Stillings & Fenlon,* and *Green & Foster,* for plaintiffs in error.

*Clough & Wheat,* for defendant in error.

The opinion of the court was delivered by

KINGMAN, C. J.: For the reasons given in the case of *Higginbotham v. Thomas,* decided at this term, the judgment in this case is affirmed. (Ante, pp. 328, 334). The plaintiffs

in error rely also upon an estoppel; but as we understand that doctrine it does not apply to this case.

VALENTINE, J., concurring.

BREWER, J., not sitting in the case.