## C. L. RHEA v. SHERMAN WILLIAMS.

### No. 15,943.

EJECTMENT—*Petition—Publication Service.* A petition in ejectment and the publication service held sufficient.

Error from Stanton district court; WILLIAM H. THOMPSON, judge. Opinion filed July 3, 1909. Affirmed.

*George Getty*, for the plaintiff in error.

*T. W. Marshall*, and *Herbert Rhoades*, for the defendant in error.

*Per Curiam:* The action was in ejectment, and service was made by publication. The defendant, Rhea, moved to set aside the service. The journal entry denying this motion recites:

"Said motion coming on to be heard, and the court being duly advised in the premises, overruled the same by agreement of counsel and defendant given leave to answer, to which ruling the defendant then and there excepted."

Thus it appears that the defendant is seeking the review of an order made by his consent. But it is said that the words "by agreement of counsel and defendant given leave to answer" were interlined and inserted only for the purpose of giving defendant leave to answer out of time, and that the word "and" was inadvertently used, thus changing in a material matter the import of the entry. If this is a correct explanation

Hart v. Railroad Co.

and the entry is deemed important an application should have been made to the district court to correct the record. We must consider it as it is certified to this court. In view of the possible mistake, however, we have carefully examined the affidavit for publication and the notice claimed to be defective, and find that they are sufficient and that the motion was properly denied.

The answer contained the language of a general demurrer—that the petition did not state facts sufficient to constitute a cause of action. It is contended that the court erred in treating the petition as sufficient. The only defect claimed is that it states that the defendant *wrongfully* keeps the plaintiff out of possession instead of using the language of section 595 of the civil code "that the defendant *unlawfully* keeps him out of the possession." Comment is scarcely necessary. The code does not prescribe an exact form. It only declares that "it shall be sufficient" to state certain facts. If the required facts constituting the cause of action are stated in appropriate terms, the pleading is not demurrable.

The specifications of alleged errors referred to are the only ones stated in the brief. The judgment is affirmed.