Guy v. Hansow.

---

Ida Guy *et al., Appellees,* v. Charles T. Hansow *et al.* (Charles T. Hansow, *Appellant*).

No. 17,573.

SYLLABUS BY THE COURT.

Specific Performance—*Infant Wards—Marketable Title.* Under the facts stated in the opinion it is held that a guardian's sale of her infant wards' interest in real estate may be specifically enforced at the suit of the infants brought by them through their guardian and next friend, that the title of the purchaser will be good, and that by virtue of the decree of specific performance all doubt respecting the marketability of the title will be removed.

Appeal from Neosho district court. Opinion filed April 6, 1912. Affirmed.

*James M. Nation,* and *E. W. Grant,* for the appellant.

*W. R. Cline,* and *J. Q. Stratton,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: In June, 1907, Ida Guy was granted a divorce from her husband, J. M. Guy. He was the owner of a quarter section of land which was occupied as their homestead. There were five children whose ages ranged from nineteen to four years. The wife was entitled to alimony out of the land, and the husband, desiring that his interest in it be given to the children in equal proportions, requested that it be so secured to them. The land was worth at the time $4000, but was encumbered by a mortgage for $1700, leaving a net value of $2300. Assuming that the wife were given one-half and the children the other half, the share of each child would be $230. The court awarded the land to the wife, subject to the mortgage, but required her to pay each child when he became of age the sum of $230, upon his executing to her a quitclaim deed of all right, title and interest in and to the premises. The decree further provided that she secure the payment of such sums by executing a mortgage to the children on the east half of the quarter section. The wife was given custody of the children and was charged with their education and maintenance without reimbursement from their estate. All these facts appear in the journal of the divorce proceedings. The mortgage for the benefit of the children was not given, and Mrs. Guy removed, with them, to the state of Colorado. On January 7, 1910, Mrs. Guy, through an agent for herself and for her as guardian of the minor children, contracted to sell the land to the defendant. The contract contained these provisions:

"The deed to said property is to be a deed of general warranty except as against the mortgages aforementioned, and said deed is to be executed by the guardian of the minor heirs in pursuance of an order from the Probate Court of Neosho County and by herself as an individual conveying her own share of said property and by the heirs who may be of lawful age. . . . The

grantors are to furnish said Hansow, or his attorney, with a complete abstract of the title down to the date of the deed, showing a good and complete title free from material defects."

Pursuant to an order duly obtained from the probate court of Neosho county, Mrs. Guy, as guardian for those of the children who were still minors, executed a guardian's deed of the land which the probate court duly approved. Another deed was executed by herself and by an adult son, conveying their interests in the property. An abstract of title was furnished, and the contract was duly complied with on the part of the vendors unless the abstract failed to show a title free from material defects. Believing the title offered to be unmarketable because of the peculiar terms of the divorce decree, which appeared on the abstract, the defendant declined to complete the purchase. In an action brought for the purpose by Mrs. Guy, the adult son and the minors by their guardian and their next friend, specific performance was decreed against the defendant and he appeals.

It is not material that the mortgage required by the divorce decree was not given and it is not necessary to assign a name to the interest which attached to the land in favor of the minors. The decree and the contemplated mortgage were merely instruments employed to effectuate the intention of J. M. Guy to secure his interest in the homestead to his children. The minors had an interest in the land which was property, and any property of a minor or any interest in any kind of property, real or personal, may be sold whenever circumstances make it beneficial to the minor that it should be sold. (Gen. Stat. 1909, § 3991.)

In 22 Cyc. 568, it is said of statutes of this kind:

"Under a statute authorizing generally the sale of real estate of infants, the court may order the sale of any interests of an infant in such estate, whatever may be the character of that interest, whether legal or equitable, vested or contingent, in common with others or

separate, or .in whatever manner it may be held, whether by descent, devise, or by contract."

The sums to be paid to the children as they become of age constitute a debt of their mother, and the land stood, in a sense, as security for the debt. It is obvious that the security might be lost entirely by a foreclosure of the 1700-dollar mortgage, for want of funds with which to redeem. A naked right to redeem, however, may be valuable, and can be sold if the probate court should decide that a sale would be advantageous to the minors. There is nothing, therefore, in the character of the minors' interest or right which casts doubt upon the sale or upon the jurisdiction of the probate court to authorize the sale.

The contract of the guardian to sell the minors' interest was of course ineffectual, but the sale authorized and approved by the probate court was binding upon them and the defendant is to receive not only what he contracted for but all the interest the minors have in the land. The title which the defendant will receive is, therefore, perfectly good, and the only question is whether, notwithstanding its good character, it will be sufficiently free from judicious question to be marketable.

The hesitation of purchasers to take titles of this character arises because the courts exact such right compliance with all the provisions of law governing the sale of property belonging to one not *sui juris*. All doubt of the validity and propriety of this sale, however, is removed by the decree of specific performance. This decree was procured by the minors themselves. The suit was instituted by them by their guardian and next friend, as the law requires. (Gen. Stat. 1909, § 3975; Civ. Code, § 30.) They are the real parties in interest. (22 Cyc. 630.) Infancy is not a bar to the commencement and prosecution of such suits as may be necessary and appropriate to protect and advance an infant's property and other rights. (22 Cyc. 628.)

Thus in the case of *Schnee v. Schnee,* 61 Kan. 643, 60 Pac. 738, it was held that an infant may institute a proceeding by his next friend to obtain a probate of a will, and may appeal from a decision of the probate court rejecting the will.   In the opinion it was said:

"All the courts guard the interests of infants, and that they may, by next friends, institute proceedings in the courts for the enforcement of their rights or the protection of their interests, is the universal practice, and one which may be regarded as part of the common law."   (p. 646.)

On the authority of the English case, *Flight v. Bolland,* (Eng. Ch.) 4 Russ. 298, it is frequently said that specific performance can not be maintained on behalf of an infant because the remedy is not mutual.   This, however, is not true when the sale is not that of the infant alone but is one made through the intervention of a guardian duly authorized to bind him.   (*Guard v. Bradley,* 7 Ind. 600.)   The court had power to dismiss the action in case it were not for the benefit of the infants (Civ. Code, § 30), and by proceeding to judgment must be held to have determined that the action was for the benefit of the infant plaintiffs.   The petition set up the entire transaction and described fully and accurately the interest which the minors had to convey. The answer challenged ability to convey and made the specific defense that the title tendered was neither good nor marketable.   The very issues, therefore, which the infants might raise on coming of age were presented to the court, with the burden resting on them to show that they were concluded by the sale.   The court held that they were so concluded, and they are concluded.

It is not a ground of complaint by the defendant that it takes the decree of specific performance to bar the minors from hereafter questioning the title and so to make it marketable.   Time was not of the essence of the contract.   In such cases the vendor may assert the right to perfect the title in an action brought by him

for specific performance. (Maupin, Marketable Title to Real Estate, § 319.) If the defect had consisted in an unsatisfied judgment or unreleased mortgage, a reasonable time would have been given to discharge the lien. Here, however, the claimed defect was one necessarily the subject of adjudication in the pending suit, so that the moment the decree became operative upon the defendant the title was cleared.

Of course the defendant is not responsible for the conservation of the purchase price of the land to the minors. The mother is obliged to pay as before. Security which it seemed to the probate court should be disposed of has been reduced to cash and that tribunal will doubtless see that the money is so handled that it may serve the purposes specified in the divorce decree.

The judgment of the district court is affirmed.