:SILAS HARRISON et al., *Appellants,* v. DAVID MILLER
et al., *Appellees.*

No. 17,443.

SYLLABUS BY THE COURT.

1. GUARDIAN—*Appointment—Must Be of Record.* An appointment of a guardian of minors by a probate court must be made of record, and the nonexistence of such a record negatives any appointment.

·2. ———— *Same.* A probate court is powerless to divest minors of their title to real estate except through a guardian duly appointed in this state and in substantially the manner prescribed by the statute.

·3. LIMITATION OF ACTION—*Recovery of Land Sold as Guardian.* The five-year limitation prescribed under subdivision 2 of section 15 of the civil code does not apply in an action for the recovery of land which was sold by one as guardian who was not so appointed.

Appeal from Linn district court. Opinion filed May 11, 1912. Reversed.

*J. C. Denton,* for the appellants.

*John O. Morse,* and *John A. Hall,* for the appellees.

'The opinion of the court was delivered by

SMITH, J.: The appellants brought this action in the district court of Linn county to recover a tract of 120 acres of land in that county of which their father, C. Harrison, died seized in 1896. Of the defendants to the action only Eugene B. Lawson and Kelly D. Olin appeared, the other defendants being in default or having disclaimed any interest. The appearing defendants claimed title to the land through successive conveyances originating in a deed executed by David Miller as guardian of the plaintiffs in June, 1899. The case was submitted to the court upon the following agreed statement of facts.

"AGREED STATEMENT OF FACTS.

"The plaintiffs above named bring this action to recover the following described real property, situate in Linn County, Kansas, to-wit: S 1-2 of SW 1-4 of Sec. 8, and NE 1-4 of NW 1-4 of Sec. 17, all in Twp. 20, R. 24, containing 120 acres, and the rents and profits of the same since the year 1899. Plaintiffs claim to be the owners in fee simple of said lands; Defendant Lawson and his assigns claim title in fee also to said lands, alleging a sale of the same by David Miller as alleged guardian of plaintiffs in June, 1899. It is admitted that plaintiffs are entitled to recover of defendants in this action UNLESS the title of plaintiffs to said lands has been divested by the sale and conveyance of their alleged guardian as aforesaid, together with the running of the statute of limitations, limiting the time in which actions can be brought to set aside a Guardian's Deed. *It is also hereby expressly agreed and admitted that defendants, Eugene B. Lawson and Kelley D. Olin, are now and have always been non-residents of the State of Kansas.*

"C. Harrison died intestate on February 10th, 1896, seized of the aforesaid lands, and leaving surviving him his widow, Aggie Harrison, and the following children, viz: Silas Harrison, Charlie Harrison, Mamie Harrison, Mina Harrison, and Isaac Harrison, all minors and the issue of his marriage with the said Aggie Harrison. Soon thereafter, the said Aggie Harrison and all of said children moved to the Cherokee Nation, Indian Territory, of which Nation they were citizens, where the said Aggie Harrison died intestate some time prior to March 2nd, 1897, leaving as her only heirs the children aforesaid. On March 2, 1897, said David Miller was appointed legal guardian of the aforesaid Harrison children by Watt Starr, Judge of the Cooweescoowee District of the Cherokee Nation, Indian Territory (now Oklahoma); and said minors have always resided in said Indian Territory since prior to March 2nd, 1897, aforesaid.

"Subsequent to June 12th, 1899, and prior to the filing of this action, the said Mina Harrison and Isaac Harrison died intestate in Indian Territory, leaving as their sole heirs at law the said Silas Harrison, Mamie Harrison (now Bailey) and Charlie Harrison, the

plaintiffs herein. On June 12th, 1899, David Miller, as alleged guardian of plaintiffs, acting under an order of the Probate Court of Linn County, Kansas, a certified copy of which is hereto attached, and marked "Exhibit A," executed a warranty deed to defendant, Eugene B. Lawson, covering said lands, which is recorded in Book 48, page 257, in the office of the Register of Deeds of said County and State, and a certified copy of which is hereto attached and marked "Exhibit B."

"On June 13th, 1899, said Eugene B. Lawson executed a warranty deed to F. H. Robbins covering said lands, which is recorded in Book 56, page 483, in the office of the Register of Deeds of said County and State, and a certified copy of which is hereto attached and marked "Exhibit C."

"On May 5th, 1904, said F. H. Robbins and wife, Maggie J. Robbins, executed a warranty deed to Kelley D. Olin covering said lands, which is recorded in Book 63, page 481, in the office of the Register of Deeds of said Linn County, and a certified copy of which is hereto attached and marked "Exhibit D"; and said Kelley D. Olin has been in the possession of and has derived the rents and profits off said lands since said last named date.

"The records and files in the office of the Probate Court of Linn County, Kansas, show that David Miller, aforesaid, was never appointed guardian of the plaintiffs herein, or either of them, by said Probate Court of Linn County, Kansas, according to the certificate of the Probate Judge of said County and State, which is hereto attached and marked "Exhibit K"; and that Exhibits E, F, G, H, I, J, K and A are true, perfect and entire copies of all proceedings had before said Probate Court by said David Miller as alleged guardian of said plaintiffs.

"The plaintiffs herein never knew that they were the owners of the property involved in this action, except the knowledge gained from the service shown by Exhibits "G" and "H," on pp. 75 [43] to 77 [45] herein, until after April 13th, 1908, at which time they employed an attorney, J. C. Denton, to come to Mound City, Kansas, and examine the records in said County as to what property had been left by their father, C. Harrison, deceased, and as to what disposition had been made of the same.

"All the plaintiffs herein, on May 19th, 1908, the date of the filing of this action, had been of age for more than two years.

"The rental value of said lands per year is $75.00.

"It is agreed that any other papers on file or of record in Probate Court of Linn County, Kansas, in case of David Miller, Guardian of Charlie Harrison, Mamie Harrison, Silas Harrison, Mina Harrison and Isaac Harrison may be filed herein before judgment.

"It is hereby agreed between the plaintiffs and the defendants, Eugene B. Lawson and Kelley D. Olin, that the above and foregoing statement of facts is true, perfect and complete, and that this Court shall determine this cause upon the same, a jury being expressly waived."

Copies of records and files of the probate court of Linn county, referred to in the next to the last paragraph of the agreed statement of facts, are printed in the abstract and no question is raised but that they were properly submitted to the court. These papers show that David Miller was appointed guardian of the appellants by Watt Starr, judge of the Cooweescoowee district, Cherokee Nation, Indian Territory, on March 2, 1897, and that letters of guardianship were accordingly issued to him by the judge of that court. Also, that David Miller, describing himself as guardian of the estate of the appellants described therein as minors, on the 22d of March, 1899, presented to the probate court of Linn county a verified petition for an order to sell, as such guardian, the real estate in question; that it was recited in said petition that said probate court had on the 29th day of October, 1898, made an order directing said guardian to have said real estate appraised and sold at private sale for not less than three-fourths the appraised value thereof. That the real estate was appraised at $1200; that he had diligently tried and was unable to sell the land in accordance with that order and therefore asked an order directing that the land be sold at public sale and to cause notice to be given of the hearing of the petition.

The files produced show that an order was made by the probate judge of Linn county finding "that it is necessary for said David Miller, Guardian, to sell the real estate of said minor heirs, for the purpose of paying the debts due from said minors"; then follows the order to sell the land, describing it by legal subdivisions, at public sale. Then follows: "And before said David Miller shall sell said real estate, he shall cause notice of said sale to be published for two consecutive weeks in some newspaper published in Linn county, Kansas." Then follows a direction as to time of payment. It is then further ordered that the bond already given is sufficient to secure the further assets arising from the sale of said real estate. The appellees seem to concede that this last provision relates to a bond given in the Indian Territory.

The appellants correctly contend that from an examination of the exhibits, referred to in the agreed statement of facts, it does not appear that a copy of the petition for sale was served upon them as required by section 3976 of the General Statutes of 1909. Also, that by section 3982 the same rules that are prescribed for the sale of real property by executors and administrators must be observed, after the order of sale is made, in sales by guardians. Also, that in this case no appraisement of the lands was made as required by section 3560 of the General Statutes of 1909. Also, that section 3564 required a publication of notice of sale for four weeks consecutively before the sale and that security should be given in an amount not less than double the value of the property to be sold. It is true that there is nothing to show that these requirements were complied with. By the terms of the statute a copy of the petition is not required to be served upon nonresidents. In *Thompson v. Burge*, 60 Kan. 549, 57 Pac. 110, it was held that the insufficiency of publication of the notice is cured by the confirmation of sale.

The determining question in this case, however, is

whether or not David Miller was the legal guardian of the appellants in Kansas.

The provisions of sections 3986-3988 of the General Statutes of 1909 have been in force since 1868. These sections read:

"The foreign guardian of any nonresident minor may be appointed the guardian of such minor by the court of the county wherein he has any property, for the purpose of selling or otherwise controlling that and all other property of such minor within this state.

"Such appointment may be made upon his filing in the office of the probate judge of the county wherein there is any such property, an authenticated copy of the order for his appointment; he shall thereupon qualify like other guardians, except as in the next succeeding section is prescribed.

"Upon the filing of an authenticated copy of the bond and the inventory rendered by the guardian in the foreign state, if the court is satisfied with the sufficiency of the amount of the security it may dispense with the filing of an additional bond."

Under the provisions of section 3988 it is probable that no additional bond would be necessary under the finding of the court. Of course, if Miller was not the legal guardian of the appellants in Kansas, he could not as such guardian, even under the orders of court, make a sale of appellants' property which would divest them of the title. The probate court has no authority to sell the real estate of minors except through a legal guardian in the manner prescribed by law. It is correctly contended by appellees that David Miller filed the petition for the sale of land as guardian; that the court ordered him as guardian to make the sale, approved the report thereof made by him as guardian, and ordered him as guardian to make the deed of conveyance.

From these facts, however, no presumption follows that the probate court of Linn county did in fact appoint David Miller guardian of the appellants and that he qualified as such guardian as required by law. The records of the probate court of Linn county were pro-

duced, and are silent upon the question. No such appointment appears of record, and the absence of such a record is conclusive that no such appointment was made. Probate courts in this state are courts of record. When the proceedings of such a court are brought in question in another court, the record of the proceedings is the only evidence permissible of what was done. If the record does not speak the truth the place to correct it is in the court that made it. (*Higginbotham v. Thomas,* 9 Kan. 328; *McKee v. Thomas,* 9 Kan. 343; *Rhea v. Williams,* 80 Kan. 698, 103 Pac. 119; *Hanson v. Hanson,* 86 Kan. 622, 122 Pac. 100; 24 A. & E. Encycl. of L. 193.)

In *Higginbotham v. Thomas,* supra, it was said:

"An appointment of a guardian must be made of record.

"A sale of real estate made by a person as guardian of the estate of a minor, when the records show that no such appointment was made, is not valid and binding in law." (Syl. ¶¶ 1, 2.)

In *McKee v. Thomas,* supra, it was said:

"A sale of real estate made by a person as guardian of the estate of a minor, when the records of the proper court fail to show that such person was appointed such guardian, is not valid and binding in law." (Syl. ¶ 1.)

In 21 Cyc. 82, we find the following:

"A sale of the ward's lands by a guardian who is not shown to have been properly appointed is, of course, void."

In 15 A. & E. Encycl. of L. 60, it is said:

"To make a sale which will confer title on the purchaser and divest the ward's title, the provisions of the statute must be substantially complied with."

(See, also, *Seaverns v. Gerke,* 21 Fed. Cas. 940, 3 Sawy. 353; *Paty v. Smith,* 50 Cal. 153; *Guynn et al. v. McCauley et al.,* 32 Ark. 97; *Dooley v. Bell,* 87 Ga. 74, 13 S. E. 284; *Wyatt, &c. v. Mansfield's Heirs,* 57 Ky. 779; *Coon v. Cook,* 6 Ind. 268.)

It is contended by the appellees that the presumption should be that Miller was appointed and did qualify and that the burden is upon the appellants to show that such was not the fact, and *Howbert v. Heyle,* 47 Kan. 58, 27 Pac. 116, is cited as authority for the proposition. In that case there were several questions involved, and the second paragraph of the syllabus seems to state the facts from which an appointment may be inferred as against a collateral attack. It reads:

"Where letters of guardianship are issued and recorded in the probate judge's office, and the guardian gives bond and duly qualifies and enters upon the discharge of his duties as guardian with the approval of the probate judge, and all this is of record, the guardian's acts will be held valid when attacked collaterally, although there may not be any further record in the probate judge's office of his appointment." (Syl. ¶ 2.)

We think that case falls far short of sustaining the contention of the appellees. Letters of guardianship were in that case issued to Dietrich and recorded and he gave bond and duly qualified thereunder. Indeed we hardly see how with such a record it was necessary to show that Dietrich acted thereunder with the approval of the court to establish his authority as guardian. There seems to have been record evidence as required in the Thomas case. It would seem that issuing and recording letters of guardianship of itself constitutes an appointment.

It is claimed that the appellants' cause of action was barred by the five-year statute of limitation provided for in section 15 of the civil code, the relative portions of which read:

"Actions for the recovery of real property, or for the determination of any adverse claim or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. . . . Second. —An action for the recovery of real property sold by executors, administrators or guardians, upon an order

or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."

Unless this limitation applies, the appellants had fifteen years within which to bring the action under the fourth subdivision of the same section. The provision under heading "second" is based upon the fact of a sale being made by an executor, administrator or guardian, and hence whether the limitation applies to this case depends upon whether David Miller was in fact the legal guardian of the appellants. If so, five years' time cures all irregularities in the sale; if not, the provision has no application.

In none of the Kansas cases cited by the appellees as authority that the action is barred by limitation does there seem to be any question as to the legal authority of the guardian, executor or administrator to act as such. In *O'Keefe v. Behrens,* 73 Kan. 469, 85 Pac. 555, it was said:

"Whatever is placed of record must be capable of description as an administrator's (or guardian's) deed or the statute will not be set in motion." (p. 474.)

A deed made by one who is not a guardian, that is, who has not been appointed as guardian by a Kansas court, is not capable of correct description as a guardian's deed. It is not a deed made by one who is a guardian, and the statute does not apply to it.

Under the authorities above cited it appears that Miller was not a legally appointed guardian of the appellants in the state of Kansas and that the sale of appellants' land by him was therefore void; also that the appellants were not barred by the five-year statute of limitations, and it is not contended that the fifteen-year limitation had expired.

The judgment is reversed and the case is remanded with instructions to render judgment for the appellants in accordance with the agreed facts and the views herein expressed.