No. 20,576.

MAUDE RALPH, *Appllee,* v. MILO E. BALL et al., *Appellants.*

SYLLABUS BY THE COURT.

LIMITATION OF ACTION—*Will—Deed by Minor Devisee—Disaffirmance—Partition—Ejectment.* The devisee in a will probated in 1894 was given real property, provided a life tenant under the will died without leaving issue surviving her. In April, 1898, the devisee, who was then a minor, executed a deed of the property to the life tenant, without consideration. In December, 1898, the devisee attained her majority. In April, 1900, the life tenant died without issue surviving her. In December, 1901, the devisee disaffirmed the deed. In July, 1914, she commenced an action to recover the property from the husband of the life tenant, who claimed adverse possession from April, 1898. *Held,* the action was not barred by either section 15 or section 16 of the civil code, and section 16 does not apply by analogy in determining whether or not the deed was disaffirmed within a reasonable time.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed May 12, 1917. Affirmed.

*A. L. L. Hamilton, B. R. Leydig, G. P. Aikman,* and *C. L. Aikman,* all of El Dorado, for the appellants.

*C. L. Harris,* of El Dorado, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of ejectment and for partition. The plaintiff recovered and the defendant appeals. The principal question involved is whether or not the action was barred by the statute of limitations.

Waitman F. Joseph died testate in March, 1894, leaving twenty-four living grandchildren, including Grace Ball, who was the defendant's wife, and the plaintiff. The will gave Grace Ball a life estate in the land in controversy, but provided that should she survive the testator and then die without issue surviving her, the land should become the property of all the grandchildren, share and share alike. The will was duly probated in July, 1894. Grace Ball bore children, but none of them survived her. Her last child died in the winter of 1899, and she died on April 20, 1900. Grace Ball procured deeds

Ralph v. Ball..

from the grandchildren of the testator who would take should she die without issue surviving her. The plaintiff gave her a deed, without consideration. There was evidence that the deed was executed in April, 1898. The notary's certificate of acknowledgment was attached in September, 1898, and the deed was filed for record in July, 1899. The plaintiff did not attain her majority until December 9, 1898. At some time not earlier than December, 1901, and not later than February 20, 1902, the plaintiff disaffirmed the deed. Under the statute of descents and distributions, Grace Ball's property passed to her husband, the defendant, upon her death in April, 1900. The action was commenced on July 6, 1914.

The statute reads as follows:

"Actions for the recovery of real property, or for the determination of any adverse claim or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter: . . . *Fourth.* An action for the recovery of real property not hereinbefore provided for, within fifteen years." (Civ. Code, § 15, Gen. Stat. 1915, § 6905.)

Whether or not the plaintiff would ever have an interest in the land depended on the contingency stated in the will. No estate conferring right of possession or right to partition vested in the plaintiff until Grace Ball's death. A cause of action to recover and partition the land did not accrue until the occurrence of that event. The action having been commenced within fifteen years after the occurrence of that event, it was not barred.

The defendant claims the plaintiff had but two years after attaining majority in which to commence her action, because of section 16 of the civil code (Gen. Stat. 1915, § 6906), which reads as follows:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

The plaintiff had no cause of action for recovery of this real property until March 20, 1900. The plaintiff was then of full age, and consequently the section does not apply. Besides this, section 16 extends instead of shortens the period within which an action may be brought by a person who was under disability at the time the cause of action accrued. (See *Beeler v. Sims,* 93 Kan. 213, 216, 144 Pac. 237.)

The defendant says that his wife and himself claimed and held adverse possession of the land from the time the plaintiff's deed was given in 1898, or for more than sixteen years before the action was commenced. The plaintiff had no cause of action for recovery of the land until the contingency occurred in April, 1900, which gave her something to recover. Section 15, quoted above, conditions the remedy upon commencement of action within a prescribed period after the cause of action shall have accrued. Action was commenced within fifteen years after the plaintiff's cause of action accrued.

The statute relating to disaffirmance of contracts by minors reads as follows:

"A minor is bound not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract and remaining within his control at any time after his attaining his majority." (Gen. Stat. 1915, § 6358.)

The plaintiff disaffirmed about the time she was twenty-one years old, the age of majority for females established by the legislature at its 1917 session. The court found that she disaffirmed within a reasonable time. The question was one of fact, and the conclusion of the trial court was abundantly sustained by the evidence, which need not be recited. The defendant says, however, that section 16 of the civil code, quoted above, should be taken as a guide in determining what is a reasonable time. Under the section invoked, one who, upon arriving at majority, possesses a previously accrued cause of action for recovery of real property, has two more years within which to bring his action. In this instance the plaintiff did not know and could not know that she had any interest to be promoted by disaffirmance until the death of Grace Ball on April 20, 1900. If the section were to be applied by analogy, she should have two years after that time within which to disaffirm, and she acted within a shorter period. The section has no application, however, because the legislature chose to limit the time within which disaffirmance may take place, not by counted years, but by reasonableness under all the circumstances. Circumstances may readily be imagined which would warrant disaffirmance five years, and more than five years, after majority.

The judgment of the district court is affirmed.