## LEWIS v. CHAPMAN et al.

No. 21824.   Dec. 18, 1934.

Brunson, Kemp & Kemp, for plaintiff in error.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, J. P. Greve, W. F. Francis, B. B. Blakeney, Hubert Ambrister, and John Rogers, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Creek county denying the motion of the plaintiff for judgment on the pleadings and sustaining the several motions of the defendants for judgment on the pleadings. The action was instituted by the legal guardian of Tobey Lewis, a minor. The minor became of age prior to the trial and the cause proceeded in his name. After the appeal he died, and the action was revived in the name of his heirs.

In the language of the plaintiff in error:

"The case here involves the construction of a provision of the probate statute of this state. The point of law is: That the notice of sale in this guardianship sale was not published for the required 15 days before the date of the sale." (St. 1931, sec. 1288.)

The plaintiff in error contends that the giving of the full 15 days' notice of sale of real estate by a guardian is mandatory and jurisdictional, and that where such a notice is not given, the sale is void and the order confirming the same may be attacked collaterally.

This court has repeatedly held to the contrary. See Harrison et al. v. Orwig, 149 Okla. 54, 229 P. 143, and the cases therein cited.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.

RILEY, C. J., and SWINDALL, J., dissent. WELCH, J., absent.