No. 34,070

MINA KOCH, *Appellee*, v. ANNA KRUEGER et al. (DANIEL C. SCHEUFLER, EDWARD L. SCHEUFLER, ELIAS SCHEUFLER), *Appellants.*

No. 34,071

E. D. ISERN, Guardian of the Estate of ANNA KRUEGER, *Appellee*, v. MINA KOCH et al. (DANIEL C. SCHEUFLER, EDWARD L. SCHEUFLER, ELIAS SCHEUFLER), *Appellants.*

(86 P. 2d 526)

Opinion filed January 28, 1939.

*R. C. Russell*, of Great Bend, and *Edward L. Scheufler*, of Kansas City, Mo., for the appellants.

*Evart Garvin* and *Morris Garvin*, both of St. John, for the appellees.

The opinion of the court was delivered by

SMITH, J.: These actions were to quiet the title to real estate. Judgment was for the plaintiff in each case. Certain of the defendants appeal.

There was not much dispute in the evidence. The facts in the action brought by Mina Koch will be stated here, since with but one immaterial matter the facts are the same and the legal point involved is the same in each case.

The petition in this case alleged that plaintiff was the owner in fee simple of a certain quarter section of real estate in Stafford

county and that she had been in peaceable, open, notorious and exclusive possession of it since March 11, 1903. The petition then set out the names of certain persons who it was alleged claimed some interest in this real estate. The prayer was that plaintiff be adjudged the owner of the real estate in fee simple and that defendants be barred.

To this petition Elias Scheufler and Daniel C. Scheufler filed a joint answer and Edward L. Scheufler filed an answer for himself. These answers were substantially alike. In them it was alleged that the three answering defendants were brothers, and were the only living sons and heirs at law of their father, Otto Scheufler, who died March 9, 1908; that the father of these defendants was the brother of the plaintiff and one of the four children and heirs at law of Elias Scheufler, who died in 1902, leaving a will by the terms of which these three defendants inherited a fee-simple title to the quarter section of land in question; that under the terms of this will upon the death of their father and their uncle, Henry Scheufler, their father's brother, who died in 1930 intestate and without issue or children, had a claim superior to that of the plaintiff or any of the other defendants in the real estate in question. The prayer was that these three defendants be adjudged the owners of the real estate in question in fee simple. The reply was a general denial.

When the case came on for trial it was consolidated with another one brought by an incompetent daughter of Elias Scheufler through her guardian against the same defendants to quiet the title to another quarter section.

It will be seen that this is a case where the grandchildren of a testator are claiming an interest in the real estate in question under the terms of the will of their grandfather and against the interest of their aunt and uncle.

The will of Elias Scheufler, the grandfather, first gave his wife, Christine Scheufler, a life estate in all his property. The will then contained the following paragraphs:

"3. After the death of my said wife, Christine Scheufler, I devise and bequeath to my children, Otto Scheufler, Heinrich Scheufler, Anna and Mina, each a life estate in one-fourth of my said property, real and personal, and nothing that I have given or advanced to any of my said children shall be considered as an 'advancement,' but they shall have the said interest in said property, share and share alike.

"4. If any of my said children shall die without issue, then and in that event, his or her share shall go to his brothers and sisters as provided for above; that is to say, a life estate in the same.

"5. After the death of Heinrich, Anna or Mina, his or her share, if he or she have issue, shall go to such issue, share and share alike, the same to be and become the absolute property of such issue.

"6. After the death of my said son, Otto, his share shall be divided among his lawful issue, to be and become their absolute property, provided, however, that the children of the said Otto Scheufler and his divorced wife shall receive their share of his portion of the estate only in case they have made their home with him for the space of ten years."

This will was admitted to probate March 12, 1903. Christine, the wife, died before Elias. The court found that these three defendants were the sole heirs at law of Otto Scheufler, deceased; that Heinrich Scheufler died without issue, and that Anna and Mina were the plaintiffs in these cases. The court further found that on March 11, 1903, Otto and Heinrich, both single men, and Anna Krueger, who was Anna Scheufler, and her husband gave a quitclaim deed to the quarter section to which Mina Koch is claiming title to her, and on the same day Otto and Heinrich and Mina gave a quitclaim deed to the quarter section to which Anna Krueger is claiming title through her guardian to her. Both these deeds were recorded.

The trial court further found that it was admitted that Mina Koch and Anna Krueger each entered into possession of the respective quarter sections conveyed to her in these deeds and had been in possession of them and paying the taxes ever since. This finding is challenged by appellant here, but it appears from the record that the admissions of counsel at the trial were sufficient to warrant such a finding. The court further found that on January 4, 1909, Henry Scheufler, an unmarried man, Mina Scheufler and her husband, Anna Scheufler and her husband, and Mary Scheufler, the widow of Otto Scheufler, for herself, and also as guardian for the three defendants with whom we are concerned, entered into a contract relative to a disposition of the real estate involved here. This contract recited the terms of the will and that a joint occupancy of the real estate left them by Elias was not advantageous, and also recited the facts about the deeds already referred to in this opinion and about a further quitclaim deed conveying certain real estate to Otto and Henry and the payment of certain real estate to Otto and Henry to Mina and Anna, and that all the children of Elias Scheufler had thereupon entered into full possession and control of the real estate in question. The court further provided that in consideration of all the above circumstances and of the conveyance by Mary Scheufler acting for herself and as guardian of the minor children of

Otto, and of the payment by Otto of the notes given by him at the time of the exchange of deeds, the division of property made at the time of the exchange of deeds was confirmed. The court also found that the ages of the three defendants were as follows:

"Edward Scheufler was nine years of age on January 27, 1908; Daniel Scheufler was eleven years of age on March 14, 1908; Elias Scheufler was thirteen years of age on June 7, 1908."

Based on these findings about which there was substantially no dispute, the trial court concluded, as a matter of law, that when the contract set out above was made it was a family settlement, which should not be disturbed, also that the will of Elias Scheufler created an estate tail in the real estate in question, and this entailment was broken by Otto Scheufler by the conveyances spoken of, and that plaintiffs had been in possession of the real estate in question for thirty-five years and hence had a good title by prescription. Judgment was rendered for the plaintiffs in both cases. The appeal is from that judgment.

The argument of these three defendants is that the will did not create an estate tail but that the intention of the testator was to give his own children a life estate only with the fee to his grandchildren; that the contract was not a family settlement, but that the contracting parties did not have any right to contract away the rights of remaindermen, and the statute of limitations does not run against remaindermen.

We have found it unnecessary to discuss the questions raised as to this being an estate tail. We have placed the decision on the ground of the title these plaintiffs have acquired by prescription. Edward Scheufler, the youngest of these defendants, was born January 27, 1899, hence he was four years old on January 27, 1903, about two months before Mina Koch went into possession of the quarter section in question. He was twenty-one years old on January 27, 1920. He raised the question of his title to this land by his answer in this case, which was filed at the time of the hearing in 1937 by leave of court. Thus, he allowed eighteen years to pass after he attained his majority before taking any action. Mina Koch was in open and notorious possession of this property and paying the taxes on it all this time, or for approximately thirty-five years. No other conclusion may be drawn from this record.

G. S. 1935, 60-304, subparagraph 4, provides that actions of this sort for the recovery of real estate must be begun within fifteen

years of the time when the cause of action accrued. This cause of action accrued in September, 1908, when Otto Scheufler, the life tenant, died. The fifteen-year period of limitation expired in September, 1923, or about seventeen years before the question of the right of Edward to the real estate in question was raised by the answer. (See *Colver v. Miller,* 127 Kan. 72, 75, 272 Pac. 106.)

Edward was under legal disability when the statute started to run, that is, on the death of his father, the life tenant. He became of age on January 27, 1920. The statute gave him two years to bring his action. (See G. S. 1935, 60-305.) He waited eighteen years. That is too long. (See *Ralph v. Ball,* 100 Kan. 460, 164 Pac. 1081.)

With reference to this question, these defendants argue that on the death of their father they became joint owners with plaintiff of the land in question under the terms of the will of their grandfather. From this point they then argue that the possession of Mina Koch could not have been adverse to them. This is the general rule. However, there was more than mere possession by Mina in this case. In the first place, she entered into possession under the deeds of 1903. These defendants were minors at that time, but by the same transaction the father of these defendants obtained title to and took possession of other land that was passed by the grandfather's will. They themselves have recognized this title by the executing of a warranty deed to this land which they inherited from their father. The contract of 1908 and the fact that these defendants took the benefits of it, is an added circumstance to confirm the conclusion that the possession of Mina was open, notorious and adverse to defendants. The rule is stated in 7 R. C. L. 845, as follows:

"But the doctrine has been long since held, and the authorities sustain it, that one tenant in common may so enter and hold as to render the entry and possession adverse, and amount to an ouster of a cotenant. And so, where once it appears that the party occupying the premises holds not in recognition of, but in hostility to, the rights of his cotenants, his possession ceases to amount to constructive possession by them, becomes adverse, and if maintained for the period provided for by the statute of limitations, will vest in the possessor a sole title by adverse possession to the premises. When disseised by a fellow tenant the others have a remedy in their own right, upon their own independent title, and if they do not exercise their right they must suffer the consequences of an adverse possession and lose their estate."

(See, also, *Talbott v. Woodford,* 48 W. Va. 449, 37 S. E. 580, and *Severson v. McKenzie,* 122 Neb. 827, 241 N. W. 974.)

Under these circumstances the trial court was warranted in concluding that the possession of Mina Koch had been adverse to these

defendants during the thirty-five years that had elapsed since the quitclaim deeds had been exchanged. We have concluded that Mina Koch had a fee-simple title to the quarter section in question by prescription as to all three of these defendants. The other defendants did not appeal and the judgment became final as to them. What has been said here applies with equal force to the action brought by Anna Krueger through her guardian.

The judgment of the trial court in both these actions is affirmed.