No. 34,673

HATTIE H. WILSON, *Appellee,* v. ELMER BEELER, ANNA TOOTHMAN DOLLISON, TINA MAE DOWD, IVA M. WARNER, EMMA A. ROGERS, VERA TOOTHMAN FREDRICKS, GLEN TOOTHMAN, RUSSELL TOOTHMAN and J. H. TOOTHMAN, *Appellants.* (THE CONSOLIDATED GAS UTILITIES CORPORATION and THE SAGAMORE OIL AND GAS COMPANY, *Appellees.*)

(100 P. 2d 645)

Opinion filed April 6, 1940.

*Chester Stevens* and *Wallace Carpenter,* both of Independence, for the appellants.

*Richard L. Becker,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

Hoch, J.: This was an action to quiet title to real estate. The only issue was the ownership of an undivided interest in the mineral rights. The plaintiff prevailed, and defendants appeal.

Benjamin Toothman died testate, a resident of Greene county, Missouri, in November, 1916. His will was admitted to probate in Greene county on November 11, 1916. Along with other property he owned a quarter section of land in Montgomery county, Kansas, which was left, by the will, to his widow and his nine children in equal parts. At the time of his death three of the children were minors. The executor was directed to sell the land, and on September 17, 1918, made a contract of sale with Christian Cohrs, of Independence, Kan., in which it was agreed that the mineral rights should be reserved. This contract was approved by the Missouri probate court, and on November 11, 1918, the seven adult heirs executed a warranty deed to Cohrs, in which the mineral rights were reserved to the grantors. The widow was appointed guardian of the three minors and filed her petition in the probate court of Greene county for authority to sell the interest of the minors in the land, reserving to them the mineral rights. On January 4, 1919, an order was made by that court in harmony with the petition. Thereafter the guardian employed an attorney at Independence, Kan., to prosecute proceedings in Montgomery county, Kansas, for the sale of the minors' interest in the land in accordance with the order of the Missouri court. He filed application in the probate court of Montgomery county for the appointment of the mother as guardian of the minors' property in the county, attaching thereto authenticated copies of the application in Missouri for letters of guardianship, of the order appointing the guardian, approving her bond and inventory, of the petition to sell and the order to sell the interest of the minors. The petition described the land in question and the sole prayer was for appointment of the widow as guardian. The appointment was made on January 24, 1919, the court finding that the bond, which had been given in Missouri, was adequate. On January 30, 1919, the guardian filed her petition to sell the three-tenths undivided interest of the minors, setting forth the reasons why such sale should be made,

and asking that private sale be authorized. This petition made no reference to the proceedings previously had in Missouri nor to any desired reservation of the mineral rights. Thereafter, in none of the proceedings was there any reference to reservation of mineral rights. Notice of the hearing on the petition to sell the real estate was duly given, and in her proof of service the guardian—and mother—recited that personal service had been made upon the minors. Order to sell was duly entered on February 20, 1919, the order containing the usual recitals, including a finding that "said guardian has given notice of the time and place of hearing said petition as by law required and in conformity with the orders of the court heretofore made." Appraisers were appointed, the guardian's report was filed on March 4, 1919, reciting the appraisal and sale of the minors' interest on March 3, 1919. Again, neither the report nor the appraisal made any reference to reservation of mineral rights. The sale was duly confirmed and a guardian's deed executed to Christian Cohrs on March 8, 1919, for a consideration of $1,680. The deed purported to convey "all the rights, title and interest" of the minors, without reservation of any sort. The deed was recorded on March 15, 1919. By warranty deed Cohrs parted with the land on March 27, 1928, his deed making no reference to any reservation except to the reservation of mineral rights included in the deed given by the seven adult heirs, heretofore referred to. The appellee, Hattie H. Wilson, plaintiff below, holds title in succession to Cohrs.

· On March 15, 1938, the Toothman heirs executed an oil and gas lease to Elmer Beeler, purporting to cover all oil and gas interests in the land, and Beeler subsequently drilled and secured a gas producer on the land. On September 13, 1938, the plaintiff, undisputed owner of the surface rights, filed a petition to quiet title, making the Toothman heirs and the lessee defendants. Other parties were also made defendants, but for our purpose need not here be noted. She claimed an undivided three-tenths interest in the mineral rights, as successor in interest under the guardian's deed. Answers were filed, denying that the plaintiff owned any interest in the mineral rights, and one of the defendants filed a cross petition as against one of the codefendants. Determination of the main issue will resolve the issue raised by the cross petition. Various motions were made by the plaintiff to strike certain parts from the answers and to make definite and certain, but need not be noted in detail, since the parties stipulated that the questions of law should be raised by demurrers

to the answers. Such demurrers were filed and sustained, and the questions presented are indicated by the facts already stated.

The principal contentions of the appellants are that the probate court of Montgomery county, Kansas, was without power to disregard the provisions of the order of the probate court of Greene county, Missouri, relative to reservation of mineral rights; that its orders were void for want of legal notice to the minors of the hearing on the petition to sell their interest in the land; that the filing of the authenticated copies of the prior proceedings in Missouri constituted public notice and bound all parties thereafter dealing with the land; that the guardian was not duly appointed in Kansas because the record does not show that she took the oath prescribed by the statute; that the reservations of "all the mineral rights" in the deed executed by the seven adult heirs were valid and left no mineral rights to be conveyed by the minors; that the fact that the money paid by the purchaser was divided equally among the ten heirs constituted evidence and notice that all mineral rights had been reserved; that the reservation of mineral rights in the deed of the adults effected a severance of the surface rights and the mineral rights and that the plaintiff and her predecessors not having drilled for oil or gas or otherwise asserted ownership of the minerals, although in occupancy of the surface, could not claim adverse possession of any interest in the mineral rights and that therefore the statute of limitations had not run against them.

On all these propositions the appellee takes issue, and contends, first of all, that all claims of the appellants were barred by the statute of limitations.

The power of the Montgomery county court to appoint a guardian for the purpose of selling or otherwise controlling the interest of the nonresident minors in land located within that county is not questioned (G. S. 1935, 38-224, then in effect). Under proper application the mother was duly appointed. Having been so appointed, she was subject to the same jurisdiction of the Montgomery county court as though she had not previously been appointed a guardian in Missouri. Her application to sell the minors' interest in the land contained no reference to any desired reservation of mineral rights. Nor, as heretofore noted, did any subsequent proceedings in the probate court of Montgomery county contain any reference to any such reservation. The guardian's deed contained no reservations whatever, nor any provision incorporating by reference or otherwise

the record of any proceedings previously had in Missouri. The deed was duly recorded in Montgomery county on March 15, 1919. Conceding that the Kansas court had at least constructive knowledge of the fact that the Missouri court had directed that mineral rights be reserved, it was not bound to follow the judgment of the Missouri court that the interests of the minors required such reservation. Especially so since the petition of the guardian who was the mother of the minors did not ask it. The probate court of Montgomery county had full power to deal with the minors' interest in the land without regard to the Missouri court. (*Eberhart v. Rath,* 89 Kan. 329, 336, 131 Pac. 604; *Riemann v. Riemann,* 124 Kan. 539, 262 Pac. 16; *Harrison v. Miller,* 87 Kan. 48, 123 Pac. 854; 11 Am. Jur. 328, sec. 30; and see, also, *Guy v. Hansow,* 86 Kan. 933, 122 Pac. 879.)

Appellants say that the order of sale and the guardian's deed were void because the guardian did not comply strictly with the statute in the matter of notice to the minors of the hearing on the petition to sell. The statute provides for *personal* service upon *resident* minors and for service by *publication* in the case of *nonresident* minors. (G. S. 1935, 38-212.) The minors were nonresidents and the guardian's proof of service recites that personal service had been made upon the minors. Appellants say that such service was insufficient. They are in the rather anomalous position of claiming that personal service was had upon them, but that they should have been notified by a newspaper publication. It is to be noted that the court's order of sale recited: "It appearing to the court that said guardian has given notice of the time and place of hearing said petition as by law required and in conformity with the orders of the court heretofore made," etc.

Appellants cite the case of *Mickel v. Hicks,* 19 Kan. 578, where it was held that a defect in the notice made the sale void. Justice Brewer, the third member of the then court, was of the opinion that the sale was not void and therefore not open to collateral attack. And in the later case of *Thompson v. Burge,* 60 Kan. 549, 57 Pac. 110, wherein the facts were substantially similar to those of the Mickel case, it was held that the defective notice did not make the proceedings void and they were not subject to collateral attack. The court said: "There is a wide distinction between cases where the notice is defective and where there has been no notice at all." (60 Kan. 554.) (See, also, to same effect, *Bradford v. Larkin,* 57 Kan. 90, 45 Pac. 69.) In *Beachy v. Shomber,* 73 Kan. 62, 84 Pac.

547, cited by appellants, the sale was held void, but it must be noted that the ward had no notice at all of the actual date of the hearing. in *Harrison v. Miller,* 87 Kan. 48, 123 Pac. 854, involving sale of lands of nonresident minors, and wherein it appeared that the minors had not been served with a copy of the petition, the court said: "In *Thompson v. Burge,* 60 Kan. 549, it was held that the insufficiency of publication of the notice was cured by the confirmation of sale." (p. 52.)

Examination of the decisions in other jurisdictions reveals a marked conflict on the question. Critical examination of such cases would be of little profit, since they are in many cases based upon specific statutory provisions. (See 25 Am. Jur. 81, sec. 130.) Among the cases based upon a statute substantially similar to the Kansas statute, and holding the sale good as against collateral attack, are a number of Oklahoma cases. Among them are *Eaves v. Mullen,* 25 Okla. 679, 107 Pac. 433; *Sharp v. Whitney,* 170 Okla. 105, 39 P. 2d 54; *Lewis v. Chapman,* 170 Okla. 116, 39 P. 2d 102.

It might well be urged that a reasonable construction of· section 38-212 would be that service by publication might be had upon nonresident minors where it is impossible or inconvenient to secure personal service upon them because of their residence outside the state. The instant case requires no opinion as to that. No direct attack upon the service is here involved, and none has at any time been made. Whatever might have been said for appellants' contention if timely urged in direct attack, the order of sale and the guardian's deed cannot now be invalidated by collateral attack made more than nineteen years after the probate proceedings were had.

Appellants' contention that the probate proceedings were void because the record does not show that the guardian took the oath prescribed by the statute need not be considered, since the question was not raised in any of the pleadings, nor does the record show that it was presented to the trial court.

The contention that the reservation "of all of the mineral rights" in the deed signed by the seven adults effectually reserved all such rights in the land, including those of the minors, requires little comment. Obviously the adults could not reserve something they did not own. They could no more reserve the minors' mineral rights than they could convey the surface rights belonging to the minors. For the same reason the deed given by the adults could effectuate no severance of the surface and the mineral interests, as far as the

minors were concerned. Other contentions of the appellants are resolved by what has already been said and need not be further considered.

There remains the question of the statute of limitations. The guardian's deed, under which the appellee claims, was executed on March 8, 1919, and recorded on March 15, 1919. The applicable statute is to be found either in G. S. 1935, 60-304, *Second,* which provides that actions for recovery of real property sold by executors, administrators or guardians, upon order of the court, "brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by title acquired after the date of the judgment or order" can only be brought within five years after the recording of the deed; or under division *Fourth* of the same section which reads: "An action for recovery of real property not hereinbefore provided for, within fifteen years."

We think it clear enough that the instant case falls within division *Second,* which would bar adults after five years from March 15, 1919. But we need not rest the proposition upon the five-year provision. The action was barred as to the adults under the fifteen-year limitation of division *Fourth,* such period expiring on March 15, 1934. The action was not begun until September 13, 1938. Appellants contend that the action is not barred as to those who were then minors, unless fifteen years has elapsed after they became of age; in other words, that the statute does not start to run until the "disability" of minority has been removed. This court, however, has held that the statute starts to run as to minors the same time that it does as to adults. The only difference is that the period may be extended as to minors so that in any event the statutory period will not expire earlier than two years after they become of age. (G. S. 1935, 60-305; *Koch v. Krueger,* 149 Kan. 123, 127, 86 P. 2d 526; *Beeler v. Sims,* 93 Kan. 213, 216, 144 Pac. 237.) In the instant case the youngest child became of age on August 3, 1930. Accordingly, on the facts heretofore stated, the claims of all heirs were barred by the statute of limitations and the demurrers to the answers were properly sustained.

It follows from the conclusions stated that the judgment must be affirmed. It is so ordered.