MARY M. LOCKE v. MARGARET REDMOND.

No. 252.

1. HOMESTEAD—*cannot be alienated without joint consent of husband and wife.* A mortgage given upon the homestead without the joint consent of husband and wife, is void. The alienation of a homestead after it has once been established, is such a personal privilege as cannot be delegated by either the husband or wife to the other. There has been a guard thrown not only around the wife, but also around the husband. The doctrine of unity between husband and wife has been solemnly declared in the Constitution, and the homestead cannot be alienated without their joint consent.

2. ———— *guardian of insane wife cannot mortgage.* The pro-
visions of chapter 60, General Statutes of 1889 (¶¶ 3696–3708),
apply to the estate other than the homestead of insane persons.
If such provisions were intended to apply to the homestead, they
are in conflict with the Constitution, and to that extent void.

3. PLEADING—*subrogation not asked in pleadings will not be
granted in Appellate Court.* When the right of subrogation is
not asked in the petition, and the record fails to show that the
trial court was requested to make an order of subrogation, the
right will be denied.

Error from Nemaha District Court. Hon. J. F.
Thompson, Judge.  Opinion filed July 16, 1897. *Af-
firmed.*

On July 15, 1890, Margaret Redmond was adjudged
insane, and her husband, James Redmond, was ap-
pointed her guardian.  About August, 1890, Red-
mond, as guardian, procured an order of the probate
court permitting him to mortgage the family home-
stead.  He executed this mortgage to the plaintiff in
error both in his individual capacity and as guardian
for his insane wife.  On September 15, 1891, the wife
was duly declared sane, and on the same day paid to
the plaintiff in error an instalment of interest on the
mortgage. At the time of this interest payment she had
a full knowledge of all of the facts.  In March, 1893,
Margaret Redmond was divorced from her husband,
and was awarded the homestead subject to any valid
liens that might be upon it.  The plaintiff in error
brought her action to foreclose the mortgage given by
Redmond.  The facts as here stated appeared in the
pleadings.  The court sustained a motion made by
Margaret Redmond for judgment.  From this judg-
ment the plaintiff in error brings these proceedings.

*S. K. Woodworth,* for plaintiff in error.

*F. W. Jacobs,* for defendant in error.

78        LOCKE v. REDMOND.

N. Dept.      Opinion.   McElroy, J.      6 Kan. App.

McELROY, J. The plaintiff in error discusses but one proposition. As stated in the brief, it is as follows :

"The joining of the guardian of an insane spouse under an order of the probate court regularly obtained therefor under chapter 60, General Statutes of 1889, with the same spouse in a mortgage on the homestead (title to which is in the same spouse) is such a joint consent as contemplated by our constitutional provision (Constitution, art. 15, § 9 ) relating to incumbering the homestead."

Any attempt to alienate the homestead without the joint consent of husband and wife is void. This proposition needs the citation of no authorities. It has been recognized in almost every volume of our Supreme Court reports. The alienation of a homestead after it has once been established, is such a personal privilege as cannot be delegated by either the husband or the wife to the other. There has been a guard thrown not only around her, but also around the husband, and the doctrine of unity between husband and wife has been solemnly declared in the Constitution, and the homestead cannot be alienated without their joint consent.

1. Mortgage of homestead without joint consent of husband and wife, void.

In regard to the right of husband and wife in the homestead, our Constitution, article 15, section 9, provides :

"A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists ; but no property shall be

LOCKE v. REDMOND. 79

July 16, 1897.    Opinion.   McElroy, J.    E. Div.

exempt from sale for taxes, or for the payment of obligations contracted for the .purchase of said premises, or for the erection of improvements thereon : *Provided,* The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife.''

Chief Justice Kingman, in *Helm v. Helm* (11 Kan. 21), says :

'' Our homestead provision is peculiar. The homestead cannot be alienated without the joint consent of the husband and wife. The wife's interest is an existing one. The occupation and enjoyment of the estate is secured to her against any act of her husband or of creditors without her consent. If her husband abandons her, that use remains to her and the family. With or without her husband, the law has set this property apart as her home. It may be difficult to define the estate, but it is one nevertheless. It is not like dower. Dower is only a possible estate, an inchoate interest that, depending on uncertain events, the wife may never enjoy. That the wife's right under our homestead laws is an existing interest, probably none will deny.''

Simpson, C., in *Howell, Jewett & Co. v. McCrie* (36 Kan. 644), says :

'' To divest the homestead estate, the mode of conveyance prescribed by the law governing the alienation of such estates must be strictly pursued, is the rule generally adopted in all the states, in which such laws have been enacted, held more strictly in some than in others, and yet in all there must be a literal compliance with the provisions of the statutes in this behalf. From all the adjudications upon this subject, the three following rules are deduced, and may fairly be considered as settled :

'' 1. The object of the homestead law is to protect the family of the owner in the possession and enjoyment of the property.

80    LOCKE v. REDMOND.

N. Dept.    Opinion.  McElroy, J.    6 Kan. App.

"2. That construction must be given such laws, which will best advance and secure their object.

"3. To divest the homestead estate, there must be a literal compliance with the mode of alienation prescribed by the statute."

"The usual and legal signification of the word consent, implies assent to some proposition submitted. In cases of contract it means the 'concurrence of wills.' Consent supposes a physical power to act, a moral power of acting, and a serious, determined and free use of these powers. In the very nature of things, consent to the alienation must precede the act of conveyance. The husband must have made a proposition to the wife, or the wife to the husband, or a purchaser to both, to alienate the homestead, and the mind of the husband and the wife must have concurred, and they must have jointly consented to the execution of the conveyance, or the creation of the lien, both assenting and both signing the instrument before delivery."

Chief Justice Horton, in *Coughlin v. Coughlin* ( 26 Kan. 117 ), says :

"These provisions of our Constitution and statute have already been decided to be entitled to a liberal interpretation, so as to accomplish their object and carry out their spirit. Thus, no incumbrance, or lien, or interest, can ever attach to or affect the homestead, except the one specifically mentioned in the Constitution. No alienation of the homestead by the husband alone, in whatever way it may be effected, is of any validity. Nothing that he alone can do, or suffer to be done, can cast the slightest cloud upon the title of the homestead. It remains absolutely free from all liens and incumbrances, except those mentioned in the Constitution."

Mr. Justice Brewer, in *Chambers v. Cox* (23 Kan. 395), says :

"While the Legislature may regulate the matter of inheritance, it cannot avoid or limit the constitu-

tional provision for the protection of homesteads. The constitution forbids the alienation without the joint consent of husband and wife. It does not add, 'providing they are living together and occupying the homestead,' nor 'providing that both are residents of the State;' but the prohibition against separate alienation is absolute, when the relation of husband and wife exists. Whether any exception to this absolute prohibition were wise, it is not for us to inquire. The Legislature has not attempted to make any, even if it had the power, but has repeated in the statute the very terms of the constitutional prohibition. Neither is the presence of both husband and wife essential to the existence of a homestead. Though one may have abandoned the other, yet either may have the children to care for and be the head of a family, and occupy a homestead."

Some of the provisions of chapter 60, General Statutes of 1889 (¶ ¶ 3696–3708), seem to be in conflict with section 9 of article 15 of the Constitution. We do not believe that it was the intention of the Legislature that these provisions should take the place of the "joint consent" provided for by the Constitution. We think that the provisions of this chapter apply to the estate other than the homestead. Any other construction would be in conflict with the Constitution. The Constitution forbids the alienation of the homestead without the *joint consent* of husband and wife. Consent is defined to be the agreement of mind; concurrence of wills, approval; an agreement of the mind to what is proposed or stated by another. It supposes physical power to act, a moral power of acting, and a serious, determined, and free use of these powers. The theory of the law in regard to acts done and contracts made by parties, affecting

2. Guardian of insane wife cannot mortgage homestead.

82          LOCKE v. REDMOND.

N. Dept.          Opinion.  McElroy, J.          6 Kan. App.

their rights, is, that in all cases there must be a free and full consent to bind the parties. Consent is an act of reason accompanied with deliberation. The fact of insanity does not destroy the relation of husband and wife, however much it may impair it. The provisions of this chapter do not authorize the husband, by himself and as guardian, to mortgage the homestead without the consent of the wife; such an attempt is in direct conflict with the provisions of the Constitution. When the reason of the wife has been overthrown, when she has become so unfortunate as to be unable to protect herself, when by her efforts to keep the homestead and family together she has been overcome and her mind gives way, it is not an unwise provision of our Constitution that she should be protected to the extent of the homestead. That this homestead should be placed beyond the power of a guardian, and beyond the power of her husband, except with her consent, is wise and just.

The construction contended for by plaintiff in error would preserve the homestead to the wife and children during her sanity only. This cannot be the spirit of our Constitution. We hold that it requires the joint consent of husband and wife to alienate the homestead, and that a want of such consent cannot be supplied by a guardian. If, for the reason of insanity or any other reason, the wife's consent cannot be procured, there can be no conveyance. This consent is prerequisite.

The plaintiff in error argues the right of subrogation. This right is not asked for in the petition, nor does the record show that the trial court was requested to make such an order. In this case the plaintiff in error, with full

3. Subrogation not asked, not ordered.

knowledge of the insanity of the wife and the homestead character of the premises, accepted this mortgage. The note and mortgage are void as to the defendant in error.

The judgment is affirmed.