J. W. STEWART, as Guardian, etc., v. ALLIE M. REA et al.

No. 14,713.   (87 Pac. 1150.)

GUARDIAN'S SALE — Collateral Attack — Limitation of Actions. In a suit to recover land from the grantee of a purchaser at a guardian's sale the defendant pleaded the five-year statute of limitation, and a judgment in his favor was affirmed.

Error from Kingman district court; PRESTON B. GILLETT, judge.   Opinion filed October 6, 1906.   Affirmed.

C. W. Fairchild, and G. W. Freerks, for plaintiff in error.

W. H. Lewis, and George L. Hay, for defendants in error.

Per Curiam: The owner of a tract of land occupied as a homestead was adjudged to be insane and his wife was appointed his guardian, but failed to publish notice of her appointment.   No other assets being available for the purpose, she instituted proceedings in the probate court, as guardian, to sell the land to satisfy mortgage liens upon it.   The statute was strictly

Stewart v. Rea.

followed, and pursuant to an order of court directing a sale the land was sold, the sale confirmed, and a guardian's deed duly executed, approved, delivered and recorded. The wife, as such, joined in the conveyance. After a lapse of many more than five years a guardian who had been appointed instead of the wife brought suit in the district court for possession of the land and the nullification of the guardian's deed and the proceedings upon which it was based. The five-year statute of limitations was pleaded in defense, and the court after a trial found generally in favor of the defendant in the suit, who was a purchaser from the grantee in the guardian's deed.

In the recent case of *O'Keefe v. Behrens,* 73 Kan. 469, 85 Pac. 555, the purpose and effect of the statute referred to was fully considered. In that case the probate sale had been made by an administrator. The statute places administrators and guardians in the same class, and makes no distinction between guardians of minors and guardians of insane persons; hence no defect in the qualification, after appointment, of the guardian who made the sale, and no defect in the jurisdiction of the probate court to order the sale, could be urged to defeat the defendant's title. Whether or not the probate court was without jurisdiction is not decided.

The fact, found by the court, that the defendant purchased with knowledge of the character of the probate proceedings did not enlarge the statutory period within which the plaintiff might assail the title derived through them.

The judgment of the district court is affirmed.