No. 23,368.

ANNA KARLSKINT JUDY and DILLARD A. JUDY, *Appellants,* v. GEORGE
J. KARLSKINT et al., *Appellees.*

### SYLLABUS BY THE COURT.

FINDING—*Instrument a Deed and Not a Mortgage—Evidence Sustains Finding.* The proceedings considered, and *held,* a finding that an instrument, in form a deed, was not in fact a mortgage, was sustained by the evidence.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed January 7, 1922. Affirmed.

*J. I. Sheppard,* and *James G. Sheppard,* both of Fort Scott, for the appellants.

*John L. Connolly,* of Fort Scott, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for partition of real estate and other relief. The contest was between the plaintiff, Anna Karlskint Judy, and the defendant, George J. Karlskint. The issue was whether or not an instrument, in form a deed from the plaintiff to the defendant, was in fact a mortgage. The defendant prevailed, and the plaintiff appeals.

In July, 1896, John M. Karlskint died, leaving a will by which he disposed of the land in controversy. The testator's estate was to be kept intact until the death of his wife, Nancy, who was to be provided for and furnished a home on the testator's homestead. At the death of Nancy Karlskint, the testator's four children, Peter, Samuel, the plaintiff, and the defendant, were to receive the property, each taking one-fourth. Should one of the sons die before his mother, the other children were to take his share. Should the plaintiff die before her mother, the heirs of the plaintiff's body were to take her share. Samuel died in 1897. The defendant purchased Peter's interest in 1909. Nancy Karlskint died in 1918.

On July 15, 1896, eight days after her father died, the plaintiff executed and delivered to the defendant a deed whereby she remised, relinquished and quitclaimed to the defendant all her interest in the land described in her father's will. The deed stated the intention was to convey to the defendant the plaintiff's distributive share of the real estate belonging to her father's estate which would inure to her by virtue of her father's will. The deed recited a consideration of $500. There was testimony to the effect that

this deed was intended to secure a loan of $500 made to the plaintiff by her brother. There was testimony that the deed was an outright conveyance by the plaintiff to the defendant, of the plaintiff's interest in her father's estate. The rule relating to the conclusiveness of a finding by a trial court based on conflicting testimony applies.

It is said the documentary evidence in the case and the defendant's own testimony show the deed was a mortgage. The documents in evidence were the deed referred to and a warranty deed of the land from the plaintiff to the defendant, dated July 1, 1909, and reciting a consideration of $1,500, but not signed or delivered by the plaintiff. The testimony of the defendant evidently referred to explained this deed. Peter Karlskint was in trouble, and members of the family undertook to assist him. It was necessary for them to borrow $1,500, which they hoped to do by mortgaging the land. Lenders objected to the land as security on account of the state of the title. In an effort to make the title satisfactory, the defendant requested the plaintiff to sign the warranty deed. This testimony, which the court evidently believed, did not aid the plaintiff.

It is said the plaintiff's interest in the land was worth $2,450, and the consideration for the quitclaim deed was only $500. Market value of the land at the time the deed was given was proved, and had the plaintiff's share vested in possession at once it would have been worth $2,450. She might die, however, without enjoying it at all. The time her mother might live was uncertain, and her mother did live twenty-two years. Therefore the consideration paid did not indicate a loan instead of a purchase.

It is said the terms of the will were such that the plaintiff was not able to sell her share of her father's estate. The statement is predicated on the provision giving the plaintiff's share to the heirs of her body, in the event her death occurred while her mother was alive. That provision took effect only in case Nancy Karlskint outlived the plaintiff.

The judgment of the district court is affirmed.