No. 32,220

In re Appeal of MARGARET BARNELL, Guardian of the Estate of Harry Barnell, an Insane Person.

(44 P. 2d 214)

Opinion filed May 4, 1935.

*Donald C. Little, Hugh E. Brownfield, Errett P. Scrivner, Harold H. Harding* and *O. Q. Claflin III,* all of Kansas City, for the appellant.

*Roland Boynton* and *W. D. Kimble,* both of Topeka, as *amici curiæ.*

The opinion of the court was delivered by

SMITH, J.: This was a proceeding pursuant to R. S. 1933 Supp. 39-211 and 39-221. The probate court, and on appeal the district court, held these two sections are in violation of article 15 of section 9 of the constitution of the state. The applicant under those two sections appeals.

The facts are all admitted. On November 24, 1931, Harry Barnell was adjudged to be insane. He was committed to one of the state hospitals. Letters of guardianship were issued to Margaret Barnell, his wife. On or about January 6, 1933, Margaret bought in her own name a house and lot in Kansas City. She bought this property on the partial-payment plan. After making certain payments she found herself unable to continue. She and her daughter have been and are now occupying the property as a home. She is now attempting to refinance her purchase of the property through the Home Owners Loan Corporation. This will require the execution of a mortgage.

R. S. 1933 Supp. 39-211 provides as follows:

"Whenever the personal estate of any such person shall be insufficient for the discharge of his debts, the maintenance of himself and family or the education of his children, or whenever said real estate shall be unproductive or an expense upon the estate, the guardian may apply to the probate court by which he was appointed, praying authority to mortgage, lease, or sell, the whole, or so much of the real estate of such person as shall be necessary: *Provided, however,* That if the property sought to be mortgaged, leased or sold shall be the homestead of said incompetent person the court shall not enter any order upon said application unless the husband or wife of said incompetent, as the case may be, shall have first filed with the court a written consent to said application: *And provided further,* That no guardian's deed executed by virtue of such an order shall be valid unless such husband or wife of said incompetent shall join in the deed as one of the grantors therein."

R. S. 1933 Supp. 39-221 provides as follows:

"When any such person is a married woman or married man, and not having the property in her or his own right or name, it shall be lawful for her or his guardian, jointly with the husband or wife of such person, to sell, convey or mortgage any real estate, and such sale, conveyance or mortgage shall be valid when ordered and approved by the probate court, without the proceedings being had required by the provisions of this act; and in case of any foreign guardian of any such nonresident person, who has complied with section 39-218 of the Revised Statutes of 1923, such foreign guardian shall be authorized to sell, convey or mortgage any such real estate, jointly with the husband or wife of such person, the same as in cases of resident guardians; and in the event

that the lands are situate in two or more counties in the state of Kansas, the appointment of such foreign guardian in any one county shall be sufficient, and a certified copy of the order authorizing the sale, conveyance or mortgage shall be filed in the office of the register of deeds in any county other than that in which the order for the sale, conveyance or mortgage was made: *Provided, however,* That no guardian's deed executed by virtue of such order shall be valid unless such husband or wife, as the case may be, shall join in the deed as one of the grantor's therein."

The guardian brought herself within the terms of both of the above provisions. Her application comes within section 39-211, since the personal estate of the insane person is insufficient for the maintenance of himself and family; and within section 39-221 because she, as wife of the insane person, has filed her written consent in the probate court and is now ready and willing to join in a mortgage, provided the sections are held to be valid.

The probate court and the district court held that the sections were a violation of section 9 of article 15 of the state constitution. That section is as follows:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: *Provided,* The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife."

It will be noted that a homestead cannot be alienated without the joint consent of husband and wife, when that relation exists, and that the provisions of the section do not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife. In the statutes above quoted the legislature attempts to authorize the alienation of the homestead where one spouse is insane. The statute was amended in 1925 to apply to homesteads. The question is, Can the legislature do such a thing? The argument of the guardian is that if the constitutional provision be construed to require the consent of both spouses when one of them is insane, the provision really requires the impossible.

The court has considered this question heretofore. In the case of *Iles v. Benedict,* 110 Kan. 200, 203 Pac. 689, the facts were that a contract for the sale of real estate constituting the homestead had

been entered into, but before the conveyance could be made the husband became insane. The wife complied with the statute—it was before the amendment that has been spoken of heretofore—and was appointed guardian of her husband's estate. She secured authority from the probate court to make the sale, executed a conveyance and tendered it to the purchaser. This court held the conveyance was not good because it was not joined in by the other spouse. The decision was placed on the provision of the constitution that is raised here. Abundant authorities are quoted in that opinion. The guardian in this case is asking the court to hold that the legislature by the enactment of a statute can confer on the probate court authority to permit a person to perform an act which under the constitution he cannot do. We adhere to the rule laid down in *Iles v. Benedict,* and hold that the constitution cannot be thus circumvented.

The judgment of the trial court is affirmed.