No. 37,218

Lloyd K. Bradley, Guardian of Ora M. Bradley, an Insane Person, *Appellant*, v. Thomas E. Hall, Clarence E. Cook and John Schrick (Defendants), T. W. Overman, *Appellee*.

(194 P. 2d 943)

Opinion filed June 12, 1948.

*Roy V. Nelson,* of Hiawatha, was on the brief for the appellant.

*Maurice P. O'Keefe, Karl W. Root, Dolan McKelvy,* all of Atchison, and *Ernest F. Armstrong,* of Auburn, Neb., were on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This action was instituted by the guardian of an insane person to set aside a deed and to quiet title to real estate. The plaintiff appeals from a judgment sustaining a demurrer to his amended petition.

William E. Bradley and Ora M. Bradley were husband and wife on March 1, 1900, when the former acquired title in his own name to a quarter section of real estate located in Atchison county. They were living on such real estate on that date and continued to occupy it as the family homestead until April 22, 1913, when Ora, the wife, was adjudged insane and committed to a state institution. Thereafter, and until October 26, 1932, William occupied the land as his home. Ora was never restored to sanity and on all dates in question was, and is now, confined in the state hospital.

Sometime after Ora was declared insane William was appointed as her guardian. On October 26, 1932, he made written application to the probate court of Atchison county for authority to sell and convey her interest in the homestead. On the same day that court made an order authorizing the sale and directing conveyance of the property by guardian's deed to the defendant, T. W. Overman. Pursuant to this order such a deed was immediately executed. Two days thereafter, on October 28, 1932, it was recorded. Apparently William deeded his interest in the real estate at the same time he executed the guardian's deed. At any rate, for a period of almost fifteen years from the date of the execution of that instrument up until the moment of the filing of the instant action Overman had possession of such property under open and undisputed claim of title and ownership.

On November 30, 1932, William E. Bradley died leaving his insane widow and one son as his sole heirs at law. Thereafter, on some date not ascertainable from the record, the present plaintiff, Lloyd K. Bradley, was appointed as guardian of the estate of Ora M. Bradley.

Just what happened with respect to the petition after the instant action was filed is also undisclosed by the record. We assume the plaintiff was required to amend that pleading. In any event it suffices to say he did file an amended petition which in substance, after elimination of averments pertaining to defendants who are not parties to this appeal, set forth facts as heretofore related. In addition it alleged that the proceedings resulting in the execution of the guardian's deed on October 26, 1932, and the deed itself, were void by reason of the fact the property so sold and conveyed was then and is now the homestead of Ora M. Bradley, who was then insane and has never been restored to sanity or surrendered her rights therein. It also charged that Ora has never been divested of those rights and that she and the surviving son of William E. Bradley are now the owners of such homestead.

To the amended petition the defendant filed a demurrer which reads:

"Comes now the Defendant, T. W. Overman, and demurs to the Amended Petition of the Plaintiff for the reason that the Amended Petition does not state a cause of action in favor of the Plaintiff and against the Defendant, T. W. Overman, and for the further reason that the Statute of Limitations has run on any pretended claim that the said Plaintiff may have against the Defendant, T. W. Overman."

The plaintiff's appeal is from the order and judgment of the trial court sustaining the foregoing demurrer in its entirety.

At the outset it should be said it is well settled in this jurisdiction that when it appears from the face of a petition a cause of action is barred by the statute of limitations such pleading does not state facts sufficient to constitute a cause of action and is therefore subject to demurrer (*Kansas State Bank v. Shaible*, 118 Kan. 73, 234 Pac. 40; *Ryan v. Scovill*, 147 Kan. 748, 751, 78 P. 2d 877; *American Glycerin Co. v. Freeburne*, 157 Kan. 22, 138 P. 2d 468; *Pratt v. Barnard*, 159 Kan. 255, 154 P. 2d 133). It should also be stated that the trial court's general decision holding the amended petition fails to state a cause of action must be upheld if its action with respect to either ground of the demurrer is warranted by the record

(*Ritchie v. Johnson,* 158 Kan. 103, 110, 144 P. 2d 925; *Turner v. Jarboe,* 151 Kan. 587, 590, 591, 100 P. 2d 675).

With facts, pleadings, and uncontroverted legal principles established, we are now in position to give consideration to the real issue presented by this appeal.

In support of the trial court's ruling appellee contends that the first ground of his demurrer should have been sustained because the provisions of G. S. 1935, 39-211 to 217, inclusive, in force and effect on the date of the execution of his guardian's deed, authorized a guardian of an insane person to sell the homestead and execute a valid deed of conveyance therefor when the deed was joined in by the husband or wife of the incompetent and the sale was made under the direction and approval of the probate court. This contention is no longer open to debate in this jurisdiction and we are not disposed to labor it. Under our decisions (*Locke v. Redmond,* 6 Kan. App. 76, 49 Pac. 670; *Iles v. Benedict,* 110 Kan. 200, 203 Pac. 925 [and earlier cases there cited]; *In re Barnell Estate,* 141 Kan. 842, 44 P. 2d 214; *Steinkerchner v. Linscheid,* 164 Kan. 179, 182, 185, 186, 188 P. 2d 960), there can be no question but what the sale of a homestead by a guardian's deed, where one spouse is insane, even though such deed be executed with the consent and approval of the probate court, is in violation of the provisions of section 9, article 15 of our constitution providing that a homestead shall not be alienated without the joint consent of husband and wife when that relationship exists. This, let it be added, is now and has been the law of this state regardless of the fact, suggested by appellee, that G. S. 1935, 39-211 (Laws 1925, ch. 181), which it should be noted has since been repealed (Laws 1939, ch. 180, sec. 280), was enacted by the 1925 legislature with the view of encompassing such constitutional inhibition.

From what has just been stated it necessarily follows that the trial court's decision on the demurrer was erroneous unless appellee's second contention, to the effect the amended petition shows upon its face the statute of limitations had run against any cause of action the appellant may have had against him, is meritorious. We turn to that question.

Heretofore we have noted it appears from the face of the amended petition that the deed under which appellee claims title to the homestead was recorded on October 28, 1932, that he was given possession of that property on or about such date and that he remained in

possession thereof for almost fifteen years under open and undisputed claim of title and ownership before the filing of the instant action. It likewise appears that such deed was executed by the then duly appointed, qualified, and acting guardian of Ora M. Bradley, an incompetent person, with the approval and under the direction of the probate court of Atchison county.

G. S. 1935, 60-304, provides:

"Actions for the recovery of real property, or for the determination of any adverse claim or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter.

. . . . . . . . . . . . . . . . .

"*Second.* An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."

When the terms of the foregoing section of the statute are analyzed it becomes immediately apparent an action to set aside a deed and to recover real property, sold by a guardian under order or judgment of a court directing its sale, is barred unless brought by a guardian within five years after recording the deed authorizing such sale. Thus, under all the facts and circumstances disclosed by the amended petition, since appellant's action was instituted more than five years after the date of the recording of appellee's deed, it appears his cause of action was barred unless there are legal grounds for holding the statute had not run in favor of such deed.

Appellant does not question the correctness of the foregoing statement. Instead he impliedly concedes it and then makes two claims which he asserts compel the conclusion that the statute had not run as against his cause of action. His first contention is Hydra-headed. It assumes that except for the statute the guardian's deed would be void and conveyed no title to the homestead. Next it concludes the statute does not run in favor of a void deed. We concede the assumption and proceed on the premise the deed was void. The conclusion the statute does not cure a void deed is not supported by our decisions and must be rejected.

By again referring to G. S. 1935, 60-304, *second*, which has been a part of our code of civil procedure since 1868, it will be noted that administrators and guardians are placed in the same class.

No distinction is made between guardians of minors and guardians of insane persons, hence its terms, and it can be added our decisions construing their force and effect, apply with equal force to deeds executed by such fiduciaries and to actions instituted by them. Indeed we so hold in *Stewart v. Rea*, 74 Kan. 868, 87 Pac. 1150.

In the early case of *Young v. Walker*, 26 Kan. 242, heirs at law of a decedent sought to recover real estate in an ejectment proceeding on the theory an administrator's deed was void and conveyed no title to the purchaser. There we held:

". . . That such action is barred by the five-year statute of limitations (Civil Code, § 15, subdiv. 2), and this although there may be such irregularities in the proceedings of the probate court and of the administrator as would render the administrator's deed void, except for such statute of limitations. . ." (Syl.)

Following the case from which we have just quoted came *O'Keefe v. Behrens*, 73 Kan. 469, 85 Pac. 555, which is now the leading case in this jurisdiction on the subject. In that decision we held:

"Section 16 of the code of civil procedure (Gen. Stat. 1901, § 4444), requiring actions brought by the heirs of a deceased person for the recovery of real property descending to them but sold by an administrator of the estate of the decedent upon an order of court directing such sale to be commenced within five years after the date of the recording of the deed made in pursuance of the sale, applies to sales which are void for want of notice to the heirs of the proceedings upon which the deed is based." (Syl. ¶ 1.)

And at the conclusion of a lengthy opinion, which for a proper understanding of its import should be read with care, said:

"Although length of years may not give jurisdiction or, in a certain sense, make good that which is void (*Foreman v. Carter*, 9 Kan. 674, 678), an act of the legislature may, out of consideration for the public welfare, oblige interested persons to assert their rights within a limited time or forever hold their peace. The power of the legislature to enact a statute of this character is included in the general power to fix periods within which actions may be brought. . ." (p. 479.)

*O'Keefe v. Behrens*, supra, has been frequently cited and the rule therein announced repeatedly applied and approved in subsequent decisions. See *James v. Logan*, 82 Kan. 285, 108 Pac. 81; *Erskine v. Dykes*, 158 Kan. 788, 792, 150 P. 2d 322; *Schlemeyer v. Mellencamp*, 159 Kan. 544, 551, 156 P. 2d 789.

The foregoing decisions, even though they must be regarded as decisive of appellant's contention on the point in question, do not deal directly with the involved statute as applied to a guardian's deed to the homestead. From a somewhat extended examination

of our decisions the only case we have been able to find which does do so is *Stewart v. Rea,* supra, decided in 1906. It also refers to and follows the rule of the O'Keefe case. The facts involved are stated in the opinion as follows:

"The owner of a tract of land occupied as a homestead was adjudged to be insane and his wife was appointed his guardian, but failed to publish notice of her appointment. No other assets being available for the purpose, she instituted proceedings in the probate court, as guardian, to sell the land to satisfy mortgage liens upon it. The statute was strictly followed and pursuant to an order of court directing a sale the land was sold, the sale confirmed, and a guardian's deed duly executed, approved, delivered and recorded. The wife, as such, joined in the conveyance. After a lapse of many more than five years a guardian who had been appointed instead of the wife brought suit in the district court for possession of the land and the nullification of the guardian's deed and the proceedings upon which it was based. The five-year statute of limitations was pleaded in defense, and the court after a trial found generally in favor of the defendant in the suit, who was a purchaser from the grantee in the guardian's deed." (p. 868.)

It is interesting to note that with facts as heretofore stated and with almost identical statutes before it as are here involved, both as to limitation of actions (G. S. 1901, § 4444, *second;* G. S. 1935, 60-304, *second*) and purported authorization to a guardian to sell the whole or so much of the real estate of an insane person as might be ordered by the probate court (G. S. 1901, §§ 3960 to 3972, inclusive; G. S. 1935, 39-211 to 39-217, inclusive), this court affirmed a judgment, notwithstanding the provisions of section 9, article 15 of the constitution, holding that the five-year statute of limitations had run in favor of the guardian's deed to the homestead.

In our opinion the decisions to which we have referred not only uphold but compel the conclusion, heretofore indicated, that under the facts, circumstances, and conditions of the instant case, the provisions of G. S. 1935, 60-304, *second,* in the absence of anything suspending their operative effect, must be regarded as barring the maintenance of whatever right of action appellant may have had with respect to the deed in question within the five-year period following the date of its recordation.

Appellant's second and final contention requires consideration of the provisions of G. S. 1935, 60-305, which reads:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

He asserts that because of the statutory section just quoted, the

five-year statute of limitations does not start to run until an insane person's disability is removed and then insists that because Ora M. Bradley has never been restored to sanity that appellant, as her present guardian, may maintain the instant action for and on her behalf. We are primarily concerned with whether the amended petition states a cause of action in favor of the guardian. Notwithstanding, it should be pointed out the general limitation statute starts to run as to persons under disability the same time that it does as to competent persons. The purpose and the effect of the quoted section is to merely extend the time so that in any event the general statutory period will not expire earlier than two years after an insane person's disability has been removed. This is the construction given such section in *Wilson v. Beeler,* 151 Kan. 699, 100 P. 2d 645, as applied to minors and we believe it is equally applicable to persons under other legal disability. Be that as it may, appellant does not come within the scope of its terms.

The general rule is that exceptions to the statute of limitations, postponing its running against persons under disability to sue, must be strictly construed and never extended beyond their plain import or regarded as conferring rights on persons not therein specifically enumerated. (34 Am. Jur. 153, 155, §§ 189, 192; 54 C. J. S. 250, § 216.) Moreover, it has been held, and we think properly so, that privileges accorded by their terms are personal to the class of persons designated and do not extend to others who assume to act for and on behalf of them. (*Anderson v. Mace et al.,* 99 Mont. 421, 45 P. 2d 771; *Anicker v. Harrison,* 125 Okla. 21, 256 Pac. 39; 54 C. J. S. 252, § 217.)

In view of the limited issues presented for appellate review we are not called upon and do not determine what, if any, rights Ora M. Bradley may have in the property now held by the appellee under and by virtue of her guardian's deed, if and when her present legal disability is removed. All we hold is that the amended petition shows on its face the five-year statute had run against the appellant's right of action as guardian and therefore fails to state a cause of action.

Even though we do not assume to pass upon the force and effect of the provisions of G. S. 1935, 60-305, when relied on in actions brought to recover real estate within the period of time therein prescribed by persons whose disability has been removed it should, perhaps, for the benefit of those interested in the examination of real

estate titles, be suggested that in construing the force and effect of a similar statute, this court in *Thompson v. Burge,* 60 Kan. 549, 57 Pac. 110, expressly held that a right of action in ejectment for the recovery of land sold by an administrator, brought by one of the heirs of a deceased person, is saved to a minor, under section 11, chapter 95, General Statutes of 1897, who may bring the action within two years after the disability of infancy has been removed. Likewise added, the construction given the statute involved in that case has been approved in subsequent decisions (*Beeler v. Sims,* 93 Kan. 213, 217, 144 Pac. 237; *Knickerbocker v. Bangs,* 93 Kan. 733, 735, 145 Pac. 820; *Ralph v. Ball,* 100 Kan. 460, 461, 164 Pac. 1081; *Koch v. Krueger,* 149 Kan. 123, 127, 86 P. 2d 526; *Wilson v. Beeler,* 151 Kan. 699, 705, 100 P. 2d 645).

The judgment is affirmed.

WEDELL, J., concurs in the result.

COWAN, J., not participating.

HOCH, J. (concurring in result): I concur in affirmance of the judgment, on the ground that the guardian's cause of action was barred by the statute of limitations. But I am impelled, because of the importance of the issue, to record again my view that the decisions referred to in the instant opinion (syl. ¶ 3) are unsound, and should be overruled. Those decisions hold, in effect, that a probate court has no power to give judicial consent for and on behalf of an incompetent spouse, ward of the court, to alienation of a homestead and thus provide the "joint consent" thereto with the competent spouse, required by the constitution. My views in this matter, together with analysis of the cases, were stated at length in connection with *Starke v. Starke,* 155 Kan. 331, 335 *et seq.,* 125 P. 2d 738, and I have no purpose of again elaborating them. This brief comment is made only to indicate the basis of these views, which remain unchanged.

As was pointed out in connection with *Starke v. Starke,* supra, neither in the parent case of *Locke v. Redmond,* 6 Kan. App. 76, 49 Pac. 670, nor in the later cases which followed its holding, does it appear that the question of what constitutes "consent" within the meaning of section 9, article 15 of the constitution which requires "joint consent" of husband and wife where that relation exists, was ever presented or considered. It is of course clear that the *consent* to

alienation must be *joint*, but I find nothing in the constitutional provision which precludes a probate court from acting for and on behalf of its ward and giving "consent" for him where it appears, upon hearing, that it is clearly to the interest of the incompetent ward for the court to do so. In fact, to deny to the probate court in the case of a homestead the power to give "consent" for and on behalf of its ward, which it exercises in countless other important cases on behalf of the ward, is to cripple the court's protective arm, not only under the statutes but under the constitution itself which places the estates of incompetent persons in the care of the probate court. (Art. 3, sec. 8.)

The effect of *Locke v. Redmond*, supra, was to insert the word *personal* before the word *consent* in the constitutional provision, which in my opinion was not only legislation by the court but has brought, in many instances, glaring results destructive of the very protection which the benign purpose of homestead exemptions was intended to provide. The grotesque result of such construction of the constitutional provision is that where one spouse is competent and one is incompetent, there can be no alienation, even with approval of the court, unless the incompetent spouse gives a *personal* consent which, forsooth, *he is unable to give!* Under this *impasse,* thus created, so many instances developed where the interests of the incompetent spouse were violated—such as the inability of a competent spouse, with consent of the probate court, to lease for oil development homestead land from which oil was being drained by wells on adjoining land—that the legislature in 1943 submitted a constitutional amendment (adopted in November, 1944) which specifically provided that in the case of an incompetent spouse his duly appointed guardian might be authorized to execute or renew a mortgage, under certain conditions, or to execute a mineral lease on the homestead. It may be argued that this amendment, by virtue of affording relief in these particular cases, excludes by implication judicial consent to alienation, for and on behalf of the incompetent ward, in all other cases. Conceding force in that argument, I do not think the result suggested necessarily follows. The amendment makes sure, in spite of our old decisions, that in those particular cases relief may be had. A true construction of the constitution, in my opinion, would make relief possible in other cases, just as important, where patent injury to the interests of an incompetent spouse now results.

In the instant case, the wife has been insane and confined in the state hospital for more than thirty-five years. In October, 1932, nearly twenty years after his wife became insane, the husband desired to sell the homestead and after notice and hearing convinced the probate court of the propriety of doing so and the court directed the guardian to execute a deed, thus providing, by judicial consent, as I view it, the "joint consent" required by the constitution.

One other word. We now say that while the conveyance was "void" under the decisions, action by the guardian to recover is barred by the statute of limitations. I agree that the legislature may, by a statute of repose, provide a bar to actions to set aside even a *void* judgment. But we strongly intimate that a different result might be reached in an action to set aside the guardian's deed if brought by the incompetent wife or by her heirs, in case she should be restored to sanity. A cloud is left hanging over title to the land, conveyed upon order of the court more than fifteen years ago. This unfortunate result, disturbing to land titles in other cases as well, is but another illustration of the unhappy results flowing from the old decisions herein referred to.