No. 37,592

DONALD COLLINS, Administrator c. t. a. of the estate of Nellie Henderson, deceased; DORALYNN COLLINS AMOS, FRANCIS LEROY COLLINS and DONALD COLLINS, *Appellees*, v. MOLLIE L. RICHARDSON, a widow, *Appellant*.

(212 P. 2d 302)

Opinion filed December 10, 1949.

*Jerry E. Driscoll*, of Russell, argued the cause, and *D. A. Hindman*, of Stockton, was with him on the briefs for the appellant.

*W. McCaslin*, of Stockton, and *Clayton S. Flood*, of Hays, argued the cause, and *Henry F. Herrman* and *E. C. Flood*, of Hays, were with them on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to determine the extent of interest of the parties in certain real estate and to quiet the title of plaintiffs

to their interests therein. Certain allegations of the answer of the defendant were stricken by order of the court and she has appealed. The allegations of the petition may be summarized as follows: M. C. Merritt, then the owner of a quantity of real estate, including the land in Ellis county presently involved, died intestate in 1930, leaving as his heirs his widow Mahala E., his daughters Nellie Henderson and Mollie L. Richardson, his son William A., and three grandchildren, Doralynn Collins, Francis Leroy Collins and Donald Collins. An action to partition all of the real estate was commenced, but by agreement of the parties, Nellie Henderson elected to take the real estate presently involved and a sheriff's deed therefor was executed and delivered to her. As part of the agreement, on October 5, 1931, Nellie Henderson entered into a trust agreement, the details of which will be more fully set forth later, stating she held the title in trust for the parties in the proportion of one-half for Mahala, one-eighth each for herself, Mollie and William, and one-twenty-fourth each for Donald, Doralynn and Francis. A copy of this trust agreement was attached to the petition and made a part thereof. The sheriff's deed and the trust agreement were recorded in the office of the register of deeds on December 8, 1931. (It is also noted that a copy of the trust agreement was made a part of the answer later mentioned, that copy showing it was recorded in the office of the register of deeds of Ellis county on December 8, 1931.) On December 1, 1931, William A. Merritt died intestate, leaving his mother, Mahala E. Merritt, as his sole heir. On June 9, 1937, Mahala E. Merritt died testate, owning an undivided five-eighths of the involved real estate. Under her will she devised her undivided interest in the real estate to her daughter Nellie Henderson. Allegations concerning transfer of mineral rights need not be noticed. It was alleged that the defendant Mollie L. Richardson claimed some right other than her undivided one-eighth interest, adverse to the interest of the other owners, all of whom joined as plaintiffs, and they prayed that she be required to answer and set up her claim, that it be adjudicated, and that plaintiffs have judgment that they owned the interests set forth in the petition and their title thereto be quieted.

The trust agreement was between Nellie Henderson and her husband as first parties, and Mahala E. Merritt, Wm. A. Merritt, Mollie L. Richardson, Donald Collins, Doralynn Collins and Francis Collins as second parties, and recited that the parties were, as

heirs of M. C. Merritt, the owners of the involved real estate, and that in the partition suit a deed was made to Nellie Henderson, and it was agreed that she should hold title for the parties (in the same proportions as are alleged in the petition) and that her duties were to rent the lands, pay the taxes and distribute any surplus after providing for the payment of taxes. It was further provided the agreement should run for five years "and the said first party shall not sell said land without the unanimous consent of all of the parties." Further provision was made that if at the end of five years the land had not been sold, the first party should continue to hold the property under the same terms "and shall not sell or dispose of said property, without the unanimous consent of all parties." This trust agreement was signed by each of the parties.

In her answer Mollie L. Richardson alleged the death of M. C. Merritt, those who survived him as heirs and their proportionate shares of his estate; that a partition action was commenced and by agreement the title was taken in the name of Nellie Henderson, substantially as alleged in the plaintiffs' petition. The gist of the remainder of her answer is as follows: In paragraph 10 it was alleged that all of the heirs, including Mahala E. Merritt, orally agreed that the real estate would be held intact as family property for a period of five years and during that period none of the land nor any of the interests of the parties therein could or would be sold or otherwise disposed of without the unanimous consent and approval of all, nor until the death of the mother Mahala E. Merritt who was then seventy-eight years of age, and if the land was not disposed of within the five-year period, then the *written* trust agreement should remain in full force until the death of Mahala E. Merritt, unless the land was sooner sold with the unanimous consent of all parties interested, and if not so sold, upon the death of Mahala E. Merritt, the real estate should and would go to and vest in the parties as her heirs, and as their interests might appear under the statutes of descents and distributions of Kansas, and that a written trust agreement would be prepared and signed by all of the parties, covering and incorporating all of the terms and provisions of the oral agreement. In paragraph 11 it was alleged that Mahala E. Merritt and particularly Nellie Henderson, procured the drafting of a written trust agreement, a copy being attached to the answer (and being the same agreement the terms of which are heretofore reviewed) and prior to the execution thereof represented to

Mollie L. Richardson that the written agreement so prepared contained and completely expressed all of the terms and provisions of the prior oral agreement, and Mollie L. Richardson, without carefully examining the same or observing omissions and mistakes therein, believed and relied upon the oral representations aforesaid and assumed that the written agreement expressed the actual agreement of the parties. In paragraph 12 it was alleged that through oversight, accident, mistake or common mistake, or the oversight and mistake on the part of Mollie L. Richardson, and the oral representations of the plaintiffs and particularly Nellie Henderson who sat idly by and remained silent knowing that the written agreement failed to set forth the terms and provisions of the prior oral agreement, permitted Mollie L. Richardson to sign the written agreement. Then follow extended allegations that certain oral agreements were not incorporated in the written agreement, as well as that certain language in the written agreement was erroneously included and should be stricken therefrom, and that the written trust agreement should be reformed to express the true intent of the parties, and as so reformed, should be specifically enforced. In a negative way, it may be said there was no allegation as to when Mollie L. Richardson discovered the written trust agreement did not include her version of the agreement. In paragraph 13 it was alleged that Mollie L. Richardson had at all times performed all conditions of the trust agreement, *as reformed,* to be performed by her, and that if any of the plaintiffs, including Mahala E. Merritt, disposed of their undivided interests by conveyance, will, deed or otherwise, such conveyance or disposition, if any, was contrary to and in violation of the terms and agreement of the parties, and any disposition of the interests of the parties was subject to the terms and provisions of the agreement (as sought to be reformed). In paragraph 14 it was alleged that William A. Merritt died and that Mahala E. Merritt inherited his one-eighth interest in the involved real estate. In paragraph 15 it was alleged that Mahala E. Merritt died intestate as to the involved real estate, subject to the oral agreement aforesaid and the written trust agreement as reformed, and, without setting forth details, that Mollie L. Richardson was the owner of an undivided one-third of the real estate and the minerals thereunder. Other allegations of the answer need not be reviewed. The prayer was for reformation of the written trust agreement and for specific performance; that Mollie L. Richardson be found to be the owner of an undivided one-third interest in the

lands and minerals and placed in possession thereof and her title quieted thereto; that the plaintiffs be barred from any right, title, interest or property therein and thereunder; and that she have judgment for costs and all other relief to which she might be entitled.

Plaintiffs moved the court for an order striking all of paragraphs 10, 11, 12, 13 and 15, and a part of paragraph 14, for the reason they did not state facts sufficient to constitute any defense to the petition or sufficient to constitute any cause of action in favor of Mollie L. Richardson, or to warrant relief of reformation or any other relief to her. The trial court sustained the motion as to paragraphs 10, 11, 12 and 13, and in due time the defendant appealed to this court.

In her brief the appellant directs our attention to certain of our decisions concerning her right to be heard. We think it clear that the motion to strike challenged the sufficiency of the answer to state a defense, was tantamount to a demurrer, and that an appeal lies. See *Cow Creek Valley Flood Prevention Ass'n v. City of Hutchinson*, 163 Kan. 261, 263, 181 P. 2d 320, and cases cited.

The question presented by the appeal is whether the stricken paragraphs stated valid defenses. Appellant in her brief states that on the hearing of the motion in the trial court the plaintiffs contended that the alleged defenses were barred by the statute of limitations and laches, and that the trial court, in ruling, assigned no reason other than a casual mention or reference to that statute. In this court the essential question presented is whether the alleged defenses are barred.

Appellant premises her argument by directing attention to authorities that a trust once created endures for the period necessary to accomplish the objects of it, and to a claim that the beneficiaries under the trust agreement are tenants in common; that the possession of one is the possession of all, and of the necessity of notice to a cotenant not in possession of the hostile character of the possession claimed by a cotenant in possession, but from the pleadings we discern nothing that warrants discussion of either of the above.

In her argument appellant directs attention to the fact that Nellie Henderson is a trustee for the owners of the real estate, but at some places the trust referred to is that embodied in the written trust agreement and in others it is the trust as would be embodied in the written trust agreement if reformed as appellant would have it. We

shall not attempt to point out inconsistencies in argument resulting from that confusion. Appellant contends that appellee Nellie Henderson is the trustee of an express trust and that until she repudiates it the statute of limitations does not commence to run. For our purposes it may be conceded that that is the rule, but that it has any application here does not appear. It is clear from the petition that the plaintiffs not only are not asking for any relief based in any manner upon repudiation of the trust but on the contrary allege the trust and that the appellant is claiming, if not adversely to its terms, something additional thereto. The question really is whether her additional claims are barred.

Appellant also directs our attention to authorities holding that a statute of limitations can be pleaded only as a defense and that it cannot be made the basis of a claim for affirmative relief, such as *Johnson v. Wynne,* 64 Kan. 138, 67 Pac. 549, and cases cited, and contends that appellees are seeking to do that here. She also directs attention to *Muckenthaler v. Noller,* 104 Kan. 551, 180 Pac. 453, and cases following it, that the statute making barred demands unavailable as a cause of action or a ground of defense has no application to matters of pure defense, and on the apparent assumption the written trust agreement is as she wishes it reformed to be, argues that appellees are attacking it and that she is simply defending. That contention is against the record disclosed by the petition and her answer. Appellant is attempting to reform the trust agreement so that she may get a larger portion of the lands than are given her under the written trust agreement as it stands unreformed and she asks that her title to the increased interest be quieted. She is asking for affirmative relief and may not urge either that the appellees are seeking to use the statute of limitations as a weapon or that she is urging otherwise barred matter as pure defense.

Again, on the apparent assumption the trust is as she wishes the trust agreement to be reformed to show, appellant contends that the answer discloses a confidential relation between Nellie Henderson as trustee, and appellant as beneficiary, and that the trustee may not plead the statute of limitations unless she had repudiated the trust. It would extend this opinion unduly to discuss every phase of law suggested by the above contention. It may be observed first that it is the written agreement creating the trust which appellant now seeks to reform. Prior to its execution the two sisters

occupied no position of trust toward each other. And as has been observed in connection with other contentions, Nellie Henderson is seeking to enforce the trust as written, it is appellant who attacks it. The effect of the ruling to strike is only to say that appellant has waited too long.

No attack was made on the sufficiency of the petition in this case and we assume without more that it stated a cause of action. By her answer the appellant sought to have the written trust agreement reformed and, standing alone, that would constitute a cause of action. Under G. S. 1935, 60-313, any cause of action barred by the statute of limitations is unavailable either as a cause of action or as a ground of defense. Considered as a cause of action for relief on the ground of fraud, was it barred? The stricken allegations, read in connection with the written trust agreement, disclosed that the trust agreement was made a matter of record in the office of the register of deeds in Ellis county in December, 1931. The agreement affected lands in that county and that was the proper place to record it. That was an open, public disclosure of the contents of the agreement, and if it be assumed there was fraud, under the reasoning of *Malone v. Young,* 148 Kan. 250, 264, 81 P. 2d 23, and the cases cited therein, the claim now made was barred long before the instant action was commenced. Considered as a cause of action to obtain reformation on the ground of mistake, the statute commenced to run from the date the mistake was made (*Travis v. Glick,* 150 Kan. 718, 96 P. 2d 624, and *Regier v. Amerada Petroleum Corp.,* 139 Kan. 177, 30 P. 2d 136, and cases cited). Whether it be said that relief is sought either for fraud or for mistake, or both, it appears from the face of the petition that the time in which relief might have been sought had expired before the action was commenced. Considering the motion to strike as a demurrer, the ruling on it was proper. (*Bradley v. Hall,* 165 Kan. 358, 194 P. 2d 943, and cases cited.)

In view of what has been said we need not discuss whether the appellant was guilty of laches in asserting her right to relief, nor other matters set forth in her brief.

The order of the trial court is affirmed.